NASH *v.* ROBINSON, ordinary.

1. Under the act of 1919 (Acts 1919, pp. 288, 324, 8 Park's Code Supp. 1922, § 1437j), which provides that the county boards of education of the respective counties of the State shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, such county board of education has no power or authority to hear and determine election contests growing out of the election of a school trustee within a local school district within a certain county in this State. The ordinary of the county wherein such contest may arise has jurisdiction to hear and determine such contest.

2. The court erred in refusing a mandamus absolute.

No. 4138.  OCTOBER 21, 1924.

Petition for mandamus. Before Judge Russell. Gwinnett superior court. December 10, 1923.

*W. L. Nix,* for plaintiff. *John I. Kelley,* for defendant.

HILL, J. W. V. Nash filed a petition against G. G. Robinson as ordinary of Gwinnett County, and alleged substantially the following: The ordinary of a county is made the official to hear and determine the questions involved in a contested election of the character hereinafter set out. On August 18, 1923, a purported election for trustee of Snellville consolidated school district was held, in which election plaintiff and M. L. Hornbuckle were the candidates voted for. M. L. Hornbuckle received a majority of the votes counted, and was declared elected. The election was illegal, null and void; and for the purpose of determining the same the plaintiff filed his contest before the defendant as ordinary, on September 5, 1923, and the case was set for a hearing on September 14, 1923. The defendant failed and refused to hear the case, declaring that he had no authority under the law to determine it, and, upon motion of counsel for M. L. Hornbuckle, passed the following order: "The foregoing petition coming on to be heard, after consideration of the motion of counsel for defendant, the same is hereby dismissed for want of jurisdiction, and judgment is rendered against plaintiff for $7.50 cost of suit." The defendant is ordinary of the county, and as such it was his official duty to hear and determine the question raised in said petition. Plaintiff has a legal right to have said question determined, and he has no other specific legal remedy except by writ of mandamus. He prays for mandamus nisi; and that on the hearing the mandamus be made absolute, and the defendant required to hear and determine the question

raised in the petition. The defendant filed no answer, but was represented by counsel; and both parties agreed that the petition set out correctly the facts of the case; and neither party introduced further evidence. The court refused the writ of mandamus, and the plaintiff excepted.

The sole question to be determined in this case is whether or not the election contest should have been heard and determined by the ordinary of the county or by the board of education of the county. The Civil Code (1910), § 125, provides that "Whenever any contest arises over an election of any constable, municipal officers, or other officers not hereinbefore provided for, the same shall be filed with, heard, and determined by the ordinary of the county wherein such contest may arise, under the same rules and regulations as to the mode of procedure as prescribed in contests where commission is issued by the Governor," etc. We are of the opinion that a school trustee for the Snellville consolidated school district, for which an election was held on August 18, 1923, is an officer within the meaning of the words "or other officers not hereinbefore provided for," as contained in the section of the code quoted above (compare *Stanford* v. *Lynch,* 147 *Ga.* 518, 94 S. E. 1001) ; and that the ordinary of the county would have jurisdiction to hear and determine any contest arising over an election of such officer, unless of course there is some other provision of law which takes from the ordinary the jurisdiction to hear and determine such contests. The defendant in error insists that the ordinary of the county has no such jurisdiction in the present case, and this view was also entertained by the trial judge, who evidently based his decision upon the act of 1919 (Acts 1919, p. 324, 8 Park's Code Supp. 1922, § 1437j), which provides that "The county board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony if necessary; and when they have made a decision, said decision shall be binding upon the parties. Either of the parties shall have the right of appeal to the State School Superintendent, and said appeal shall be made through the county superintendent in writing, and shall distinctly set forth the question in dispute, the decision of the county board, and testimony as agreed upon by the parties to the controversy, or, if they fail to agree, upon the testimony as re-

ported by the superintendent." It is insisted by the defendant in error that the present is a matter of local controversy in reference to the construction or administration of the school law. But to this contention we can not agree. It will be observed that no express authority is given, in this or any other portion of the act from which quotation is made above, to hear and determine election contests; and therefore, if the board of education has authority under this provision of the act to hear election contests, it must be by implication, or such construction of the act as to give it jurisdiction, and implications are not favored by our law unless it is necessary to carry out the manifest intention of the legislature. We are of the opinion that the section of the act quoted above is not susceptible of the construction contended for by the defendant in error. No construction of the school law is under review in the instant case, and it can not be held that the holding of an election for a local trustee is an administration of the school law. A careful reading of the section will disclose that the legislature did not have in mind an election contest when it passed the act under review, but that it had in mind the administration or construction of the school law. It is true that the act of 1919 (Acts 1919, p. 335, sec. 120) provides that the board of education of each county may order an election for trustees, and that such election shall be held "at a time and place and in a manner prescribed by the county board of education." But there is no provision in that section or elsewhere expressly providing how election contests for trustees shall be heard and determined, and therefore we must conclude that the legislature intended to leave the law with reference to hearing contests in elections for such officers as it then was, viz., to be heard and determined by the ordinary of the county wherein such contest might arise.

In view of the foregoing we are of the opinion that the learned trial judge erred in refusing to make the mandamus absolute.

*Judgment reversed. All the Justices concur.*