## 31955. EASTWIND DEVELOPERS, LTD. v. BOARD OF EDUCATION FOR THE CITY OF VALDOSTA et al.

PER CURIAM.

This appeal raises two issues for decision: (1) whether the Board of Education for the City of Valdosta is immune from suit, and (2) whether the appellant had to pursue administrative remedies before the local board and appeal to the State Board of Education.

Appellant's land abutted that of the Board of Education, and it brought an action that alleged that because of the alteration of drainage and the diversion of natural flow of waters, its land had been and was being damaged. The complaint sought injunctive relief and money damages.

The trial judge ruled in favor of the board, holding that it enjoyed immunity from such an action, and further holding in favor of the board that the appellant had not exhausted its administrative remedies set out in Code Ann. § 32-910 before bringing its action in superior court.

We reverse the judgment below.

1. The Board of Education of the City of Valdosta does not enjoy governmental immunity. In 1931, the Act establishing the Valdosta Public School System was amended. Section 2 of the 1931 Act provided in part: "Be it further enacted by the authority aforesaid, that the said Board of Education be and the same is hereby authorized and empowered to sue and be sued, and, . . . " Ga. L. 1931, pp. 1024, 1025.

This statute expressly revoked governmental immunity for the board, and we find no later statute, and none has been cited to us, that expressly reinstated governmental immunity for the board. In the face of this particular statute, governmental immunity cannot be invoked. See *Morman v. Board of Education of Richmond*

*County,* 218 Ga. 48 (126 SE2d 217) (1962). Also, in the face of this statute, the decision of the Court of Appeals in *Sheley v. Board of Public Education,* 132 Ga. App. 314 (208 SE2d 126) (1974), is not applicable in this case.

2. The appellant here was not required to exhaust administrative remedies. Code Ann. § 32-910 reads: "The county, city or other independent board of education shall constitute a tribunal for hearing and determining *any matter of local controversy in reference to the construction or administration of the school law,* with power to summon witnesses and take testimony if necessary, and when such board has made a decision, it shall be binding on the parties . . ." (Emphasis supplied.)

It is clear that the controversy in this case is not a "matter of local controversy in reference to the construction or administration of the school law." An action for injunctive relief and damages against the board simply does not fall into that definitional category.

*Judgment reversed. Nichols, C. J., Undercofler, P. J., Jordan, Ingram and Hill, JJ., concur. Hall, J., concurs in the judgment only.*

SUBMITTED JANUARY 28, 1977 — DECIDED APRIL 5, 1977.

*McLane, Dover & Sherwood, H. Arthur McLane,* for appellant.

*Walker, Yancey & Gupton, Reuben Yancey,* for appellees.