## 35566. RUSSELL et al. v. FLETCHER et al.

WELTNER, Judge.

This court granted certiorari to review a judgment of the Court of Appeals relating to the powers of local boards of education. (*Fletcher v. Russell*, 151 Ga. App. 229.) The controversy arose concerning the provision by DeKalb County of sanitary collection services and school crossing guards to the constituent schools of the DeKalb County school district.

We granted certiorari to consider whether a local school district may expend public education funds to provide school crossing guards for the purpose of ingress and egress to and from school property.

A county is not required by any statute of this state to provide school crossing guards. Rather, its duty as a local law enforcement agency under Ga. L. 1975, p. 820 (Code Ann. § 32-853) is to "identify school safety crossings and motor vehicle traffic patterns on and around school grounds . . ." and to ". . . advise the school board and the school superintendent relative to compliance by the school system with State laws, policies and regulations of the State agencies requiring safety standards and practices."

Nor is a school district, being an independent political entity, prohibited by any law of this state from providing and compensating school crossing guards.

Rather, the Constitution vests broad powers in school districts to do those things properly determined to be necessary or incidental to public education.

"School tax funds shall be expended only for the support and maintenance of public schools, public education, and activities necessary or incidental thereto, including school lunch purposes." Art. VIII, Sec. VII, Par. I, Constitution of Georgia of 1976 (Code Ann. § 2-5501).

At the trial of the case, the school superintendent of respondents testified: "Q. Is the hiring and maintaining of these school guards at these crossings considered by you to be a necessary thing? A. Yes, sir. We would certainly consider the safety of the children to be a necessary service. Some of the children will be as young as five years old."

This and other evidence was amply sufficient to support the trial court's ruling that a school crossing guard program might properly be determined by a school board to be an activity necessary or incidental to the support and maintenance of public schools and public education under the Constitution of Georgia, and that division of the judgment of the Court of Appeals holding contra is reversed.

We do not here address any matter relative to any obligation the district may have to the county for traffic safety services. Nor do we determine that a school district is required to provide such services, nor suggest that they must be obtained from a local government — noting only that a school district has no police powers relative to public streets and thoroughfares. Ga. L. 1953, pp. 556, 567 (Code Ann. § 68-1607); Ga. L. 1974, pp. 633, 687 (Code Ann. § 68A-1502).

*Judgment reversed. Nichols, C. J., Undercofler, P. J., Jordan, Hill, Bowles and Marshall, JJ., concur.*

ARGUED NOVEMBER 19, 1979 — DECIDED DECEMBER 5, 1979 — REHEARING DENIED DECEMBER 18, 1979.

*George P. Dillard, Gail C. Flake,* for appellants.
*Gary Sams,* for appellees.