## 67805. ARP v. CITY OF BREMEN BOARD OF EDUCATION et al.

Pope, Judge.

Appellant Daniel T. Arp brought this action against appellees alleging breach of contract and seeking recovery of $3,200, plus expenses of litigation and court costs, as well as restoration of his position as head basketball coach at Bremen High School. Appellant alleged that he had been improperly dismissed from his coaching position for the school year 1982-83 and thus appellees had breached the terms of their contract with him in refusing to pay that portion of his salary which covered that position, i.e., $3,200. Additionally, appellant demanded to be restored to his coaching position inasmuch as appellees had not properly followed the mandates of OCGA § 20-2-942 and thus his "demotion" was a deprivation of his due process rights. Appellees denied the material allegations of appellant's complaint and moved to dismiss pursuant to OCGA § 20-2-1160 (b) on the ground that appellant had failed to exhaust his administrative remedies. Following a hearing, the trial court granted appellees' motion, holding that appellant had not exhausted his administrative remedies and further holding that appellant was entitled to a hearing before the City of Bremen Board of Education with the right to appeal to the State Board of Education before seeking relief in superior court. Appellant brings this appeal from the foregoing order of dismissal. *Held:*

OCGA § 20-2-1160 (a) provides: "Every county, city, or other independent board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony if necessary. . . ." The issues raised in this case are clearly matters of local controversy (see generally *Wilson v. Strange*, 235 Ga. 156 (1) (219 SE2d 88) (1975)), and equally clearly refer to the construction or administration of school law. See, e.g., *Emerson v. Bible*, 247 Ga. 633 (278 SE2d 382) (1981); *Pass v. Pickens*, 204 Ga. 629 (51 SE2d 405) (1949). Compare *Eastwind Developers v. Bd. of Education for Valdosta*, 238 Ga. 587 (2) (234 SE2d 504) (1977). See also White v. Banks, 614 SW2d 331 (Tenn. 1981). "No tribunal has yet heard and determined the issue[s] between the parties. This being a matter of local controversy in reference to the administration of school law[,] the local board is the proper tribunal. Appellant is entitled under [OCGA § 20-2-1160] to be heard." *Emerson v. Bible*, supra at 634. Accordingly, we find no error in the judgment rendered by the trial court.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JULY 13, 1984.

*Douglas C. Vassy*, for appellant.
*Michael L. Murphy, Stephen E. Garner*, for appellees.