**SERVICEMASTER MANAGEMENT SERVICES CORPORATION, Plaintiff,**

v.

**CHEROKEE COUNTY SCHOOL SYSTEM, Defendant.**

**Civ. A. No. C85–1707A.**

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 24, 1986.

V. Robert Denham, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for plaintiff.

C. Michael Roach, Roach, Roach, & Hasty, Canton, Ga., Douglas R. Powell, A. Jack Hinton, Fortsn & White, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff, Servicemaster Management Services Corporation, brings this action alleging breach of a written contract by defendant, the Cherokee County School System. Jurisdiction is predicated upon diversity of citizenship. 28 U.S.C. § 1332.

Presently pending is defendant's motion to dismiss for failure to exhaust administrative remedies or, alternatively, for summary judgment. For the reasons given below, the court GRANTS the motion to dismiss.

Under Georgia law,[1] a prerequisite to a suit involving a "matter of local controversy in reference to the construction or administration of the school law ..." is the exhaustion of the remedies set forth in Ga. Off'l Code Ann. § 20–2–1160—a hearing before the local school board with appeal to the State Board of Education.[2] See Arp v. City of Bremen Board of Education, 171 Ga.App. 560, 560, 320 S.E.2d 397 (1984). See also Emerson v. Bible, 247 Ga. 633, 278 S.E.2d 382 (1981); Wayne County Board of Education v. Anderson, 231 Ga. 761, 762, 204 S.E.2d 173 (1974). The appeal to the State Board of Education can be bypassed, with appeal directly to the appropriate superior court (or federal district court in a diversity situation), only if the aggrieved party proceeds by writ of certiorari under Ga. Off'l Code Ann. §§ 5–4–3 et seq.[3] See Rockdale County School District v. Weil, 245 Ga. 730, 731, 266 S.E.2d 919 (1980); Morman v. Pritchard, 108 Ga. App. 247, 253–55, 132 S.E.2d 561 (1963).

This "exhaustion requirement" applies to suits for damages as well as suits for equitable relief. See, e.g., Arp v. City of Bremen Board of Education, supra. Compare Hilton Construction Co. v. Rockdale County Board of Education, 245 Ga. 533, 266 S.E.2d 157 (1980) (exhaustion not required where State Board of Education not able to award damages after close of fiscal year under Georgia law). The requirement even applies where the local school board is charged with a violation of law. See Carter v. Board of Education of Richmond County, 221 Ga. 775, 777, 147 S.E.2d 315 (1966).

The first question before the court is whether this action—a suit for breach of a "support services" contract—is a "matter of local controversy in reference to the

---

1. The parties are in agreement that Georgia law controls this diversity action.

2. Section 20–2–1160 provides, in pertinent part, that:

   (a) Every county, city, or other independent board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony if necessary; and when such local board has made a decision, it shall be binding on the parties.

   (b) Any party aggrieved by a decision of the local board rendered on a contested issue after a hearing shall have the right to appeal therefrom to the State Board of Education....

   (c) Where an appeal is taken to the state board, the state board shall notify the parties of its decision within 25 days after hearing thereon. Any party aggrieved thereby may appeal to the superior court of the county wherein the local board of education is situated....

   In a diversity action such as the instant one, appeal from the State Board of Education's decision would, of course, be to federal district court rather than the Georgia superior court. Filing of a timely notice of appeal with the State Board of Education is also a requirement. See Cooper v. Gwinnett County Bd. of Educ., 157 Ga.App. 289, 277 S.E.2d 285 (1981).

3. A document entitled "Appeal" is apparently not sufficient to constitute a petition for writ of certiorari. See Cooper v. Gwinnett County Bd. of Educ., supra, 157 Ga. at 289, 277 S.E.2d 285.

construction or administration of the school law...." for purposes of this rule. The court concludes that it is because at the center of this action is a contract which defendant contends is void and unenforceable under Ga. Off'l Code Ann. § 20-2-504, a provision of the Education Title of the Georgia Code which makes it unlawful "for any board of education to make any contract involving the expenditure of funds in excess of the total appropriation for the current fiscal year [except for contracts for the transportation of pupils]...." [4] Whether or not the subject contract is actually void under § 20-2-504 involves the construction and application of that provision of "the school law" (i.e., the Education Title) and thus must be deemed a "matter of local controversy in reference to the construction or administration of the school law...." *Compare Eastwind Developers, Ltd. v. Board of Education for the City of Valdosta*, 238 Ga. 587, 588, 234 S.E.2d 504 (1977) (property damage action against local board of education not within § 20-2-1160); *Wilson v. Strange*, 235 Ga. 156, 219 S.E.2d 88 (1975) (dispute between two school boards not within § 20-2-1160).

The court does not find that the parties' diversity of citizenship makes this a "nonlocal" controversy outside the ambit of § 20-2-1160 since the contract was executed in Georgia, was to be performed in Georgia, and was to be construed under Georgia law.

The next question obviously is whether there has been a "hearing" before the Cherokee County Board of Education and a "final determination" by that board as to the construction and application of § 20-2-504. As it was the Cherokee County Board of Education which directed the termination of the subject contract (Defendant's

Response to Plaintiff's Requests for Admission, No. 10) and as it is apparently the present position of the county board that the contract was void under § 20-2-504, it is tempting to conclude that there has been a "hearing" and "final determination" by the county board for purposes of § 20-2-1160 even though there has been no formal hearing held or decision rendered. To do so, however, would amount to concluding that a local school board is never the proper forum to hear objections to its own administrative decisions, a conclusion that § 20-2-1160 prohibits. *See Wright v. Monroe County Board of Education*, 148 Ga.App. 845, 847, 253 S.E.2d 210 (1979). Furthermore, to do so would mean that there would be no written record for the court to review [5] and would lead to difficulties in deciding exactly when the "final determination" had been made for purposes of calculating the deadline for appealing to the State Board of Education (*see* Ga. Off'l Code Ann. § 20-2-1160(c)) or the deadline for petitioning for a writ of certiorari (*see* Ga. Off'l Code Ann. § 5-4-6). Accordingly, the court concludes that there has been no local school board "hearing" pursuant to § 20-2-1160 and that, therefore, plaintiff has failed to exhaust his first remedy under that section as required. *Accord Arp v. City of Bremen Board of Education, supra*, 171 Ga.App. at 560, 320 S.E.2d 397.

The court rejects plaintiff's argument that § 20-2-1160 only applies to controversies involving educational policies. The court interprets "the school law" to mean *all* provisions of the Education Title of the Georgia Code since this title was the predecessor to the Code of School Laws of 1919; section 20-2-504, the provision of the Edu-

---

4. Section 20-2-504 of the Georgia Code provides:

It shall be unlawful for any board of education to make any contract involving the expenditure of funds in excess of the total appropriation for the current fiscal year, provided that county boards of education shall have authority to contract for the transportation of pupils for a period not to exceed four

years. Any indebtedness created, contract made, or order or draft issued in violation of this Code section shall be void.

5. A written record is important because the reviewing body is "confined to the record" and may not "consider the matter de novo." Ga. Off'l Code Ann. § 20-2-1160(e).

cation Title in question, is not limited to contracts involving educational policies.[6]

The court also rejects plaintiff's argument that resort to the administrative remedies would be futile (and thus should be excused) because of the county school board's apparent predisposition against plaintiff. Even if the court had the authority to waive the exhaustion requirement, plaintiff has not convinced the court that the board will not keep an open mind in considering plaintiff's evidence and legal arguments.

Finally, the court rejects plaintiff's request that this action be stayed pending its exhaustion of administrative remedies.

---

6. There have been several instances where the Georgia courts have entertained breach of contract actions without addressing the exhaustion issue, *see, e.g., Lewis v. Bd. of Educ. of Lowndes County,* 183 Ga. 687, 189 S.E. 233 (1936) (alleged breach of promissory note and alleged failure to reimburse for authorized expenses of administering and operating the county schools); *Hicks v. Groves,* 177 Ga. 574, 170 S.E. 877 (1933) (alleged breach of contract for teaching and transportation services); *Martin, Ginter & Powers v. Liberty County Bd. of Educ.,* 75 Ga.App. 749, 44 S.E.2d 462 (1947) (alleged breach of contract for construction of certain school buildings), leading plaintiff to argue that the Georgia courts have already implicitly determined that there is *no* exhaustion requirement under § 20–2–1160 for breach of contracts unrelated to educational policies. The court is unpersuaded; the court cannot treat these cases as ruling on an issue which they didn't even mention, especially when more recent case authority contains express language on the exhaustion issue which runs counter to the ruling attributed to those cases by plaintiff.