43823. DALTON CITY BOARD OF EDUCATION et al.
v. SMITH et al.
(349 SE2d 458)

SMITH, Justice.

The Whitfield Superior Court granted a petition filed by Larry Smith and a number of other residents of Dalton for a writ of mandamus ordering the appellants, the Dalton City Board of Education and its members, to hold a hearing under OCGA § 20-2-1160 on the refusal of the Board to renew Dr. John Trotter's contract to teach in Dalton. The appellants raise two issues on appeal. We reverse.

Dr. Trotter served as assistant principal at Dalton Junior High School during the 1984-85 school year. The Dalton City School Board did not renew Dr. Trotter's contract for the 1985-86 school year. They gave no reason for the decision to not renew the contract.

Dr. Trotter requested a hearing before the school board under OCGA § 20-2-1160, claiming that the refusal to renew his contract was a "matter of local controversy in reference to the construction or administration of the school law." When the School Board did not

grant his request, he appealed that decision to the State Board of Education. The State Board dismissed his appeal on the ground that a party who has not had a hearing before the local board may not invoke the jurisdiction of the State Board.

A number of Dalton residents, including two with children in the Dalton City School system, filed a petition for a writ of mandamus to compel the Dalton City School Board to hold a hearing to consider the refusal to renew Dr. Trotter's contract. In their petition, based upon OCGA § 20-2-1160, they stated that the petition should be granted because the non-renewal of the contract was a "matter of local controversy." At some point during the proceedings leading up to this appeal, the appellees made the claim that this matter was one of local controversy because Dr. Trotter had been released because of his political activities.

1. Under OCGA § 20-2-1160, the party seeking a hearing must establish that the subject of the hearing will be a "matter of local controversy in reference to the construction or administration of the school law."

Normally, the decision to rehire or release a "non-tenured" employee lies more in the realm of school policy than in the area of school law. Thus, in most instances, the simple non-renewal of a single, one-year contract,[1] standing alone, will not constitute a "matter of local controversy in reference to the construction or administration of the school law." But see *Perry v. Sindermann*, 408 U. S. 593 (92 SC 2694, 33 LE2d 570) (1972).

Throughout this controversy, the statement has resounded that there are no issues of fact. We disagree. The single issue here, is whether the school board's refusal to rehire was based upon a reaction to Dr. Trotter's exercise of a constitutional right, or some other unlawful motivation. *Perry*, supra. This should demand a factual inquiry which the parties did not pursue at the mandamus hearing, as this case did not involve summary judgment.

The school board has not admitted that it let Dr. Trotter go for unlawful reasons. The appellees have not presented any evidence that we can find in the record to substantiate their claim that Dr. Trotter was not rehired as a result of his exercise of constitutionally protected activities. The appellees, in other words, have not shown any facts which would remove the decision to not renew the contract from the realm of policy into the realm of law. Since they have not, thus, established any right to a school board hearing[2] under OCGA § 20-2-1160, the trial court should not have granted their petition for a writ of

---

[1] As opposed to the non-renewal of the contract of a "tenured" teacher, see OCGA § 20-9-942, or a breach of contract.

[2] We emphasize that the appellees had a right to an evidentiary hearing on the manda-

mandamus. OCGA § 9-6-20.

2. In light of Division 1, we do not reach the second issue raised by the appellants.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 5, 1986.

*Kinney, Kemp, Pickell, Sponcler & Joiner, F. Gregory Melton, Timothy H. Allred,* for appellants.

*Martha M. Pearson, J. Hue Henry,* for appellees.

*Heard, Leverett, Adams & Jenkins, E. Freeman Leverett,* amicus curiae.

---

mus petition in the superior court, but they rested upon the few facts that the parties agreed upon.