## 73166. BRAY v. THE STATE.
### (353 SE2d 531)

CARLEY, Judge.

Appellant was charged by accusation with misdemeanor abandonment of his illegitimate child. After a bench trial, appellant was found guilty. He appeals *pro se* from the denial of his motion for new trial.

1. Appellant urges that he was erroneously denied the opportunity to contest paternity by means of a blood test. OCGA § 19-10-1 (f) provides that, in child abandonment cases, "the court before which the matter is brought, upon pretrial motion of the defendant, shall order that the alleged parent, the known natural parent, and the child submit to any blood tests and comparisons which have been developed and adapted for purposes of establishing or disproving parentage and which are reasonably accessible to the alleged parent, the known natural parent, and the child." The record does not reflect that appellant ever invoked the provisions of this statute prior to trial. Compare *Pierce v. State*, 251 Ga. 590 (308 SE2d 367) (1983). What the record does show is that after appellant's conviction, and prior to the hearing on his motion for new trial, he, the natural mother, and the child did submit to a blood test. The results of this blood test indicate a 99.53% probability that appellant had fathered the child. Clearly, this "newly discovered evidence" did not warrant the grant of a new trial. Compare *Britten v. State*, 173 Ga. App. 840 (328 SE2d 556) (1985).

2. Appellant's twelve-month sentence was suspended on condition that he pay $240 monthly child support. This sentence is enumerated as error. However, such a suspended sentence is authorized pursuant to OCGA § 42-8-34 (d) (1). That the sum of $240 a month may have been more child support than appellant had voluntarily agreed to pay pending resolution of the abandonment charge does not render the sentence erroneous. See generally *Dorsey v. State*, 145 Ga. App. 750, 751 (2) (245 SE2d 31) (1978).

3. Appellant urges that his motion for new trial was erroneously denied because the child's mother committed perjury. The "newly discovered evidence" which purportedly supports the assertion that the child's mother lied does not relate to the issue of appellant's having fathered the child or to his having left the child in a dependent condition. "In this case the trial court properly overruled the motion because the evidence is not so material that it would probably produce a different result, and more significantly, the only effect of the allegedly newly discovered evidence would be to impeach the credit of a witness." *Stroud v. State*, 247 Ga. 395-396 (276 SE2d 597) (1981).

4. Appellant's remaining enumerations require consideration of the transcript of the bench trial and of the hearing on the motion for new trial. However, appellant's notice of appeal does not specify that transcripts were to be filed and none has been. "In the instant case there is no indication that appellant requested a transcript or resorted to any alternative statutory means of preparing one. In the absence of a transcript, this court is unable to review any of the [remaining] enumerations of error. [Cit.] We must instead presume that the trial court followed proper procedures as to all issues. [Cits.]" *O'Neal v. State*, 168 Ga. App. 869, 870 (1) (310 SE2d 751) (1983).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 13, 1987—
REHEARING DENIED FEBRUARY 4, 1987 —

Joseph E. Bray, *pro se.*
*James L. Webb*, Solicitor, *Christina Craddock, R. Lee O'Brien*, Assistant Solicitors, for appellee.