## 44179. SERVICEMASTER MANAGEMENT SERVICES CORPORATION v. CHEROKEE COUNTY SCHOOL SYSTEM.
(354 SE2d 424)

WELTNER, Justice.

We have received the following certified questions from The United States Court of Appeals for the Eleventh Circuit: "(1) Whether, in light of appellee's claim that the contract is void under O.C.G.A. § 20-2-504, appellant's service contract action is a 'matter of

local controversy in reference to the construction or administration of the school law.' O.C.G.A. § 20-2-1160.

"(2) If the answer to question (1) is yes, whether appellant should be permitted to circumvent the administrative remedy requirement of Section 20-2-1160 on the ground that it would be futile for ServiceMaster to pursue the remedy of a hearing before the very board responsible for terminating its contracts."

1. The Cherokee County Board of Education executed a service contract with ServiceMaster Management Services Corporation for custodial services, plant operations, and maintenance. ServiceMaster agreed to supervise maintenance and custodial personnel employed by the school system and to provide the cleaning equipment and supplies. The contract was for a term of three years. The school system terminated the contract about a year after work commenced.

2. ServiceMaster filed suit in United States District Court for breach of contract. The district court granted the school system's motion to dismiss the complaint on the ground that ServiceMaster had failed to exhaust administrative remedies under OCGA § 20-2-1160. ServiceMaster appealed — hence this certified question.

3. OCGA § 20-2-1160 provides that "Every county, city, or other independent board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law."

We have as yet to define these terms. On each occasion that the issue has been raised, we have stated that the particular controversy is (or is not) a local controversy within the meaning of the statute for purposes of requiring or justifying the use of administrative remedies. We have resolved disputes concerning educators' employment contracts, pupil assignments, and location or construction of schools through the use of administrative remedies. See generally *Arp v. City of Bremen Bd. of Education*, 171 Ga. App. 560 (320 SE2d 397) (1984). Administrative remedies have been held inapplicable to the following controversies: a construction company seeking cancellation of a contract with the school board, *Hilton Constr. Co. v. Rockdale County Bd. of Education*, 245 Ga. 533 (266 SE2d 157) (1980); a landowner seeking relief from drainage problems involving school property. *Eastwind Developers, Ltd. v. Bd. of Education of Valdosta*, 238 Ga. 587 (2) (234 SE2d 504) (1977).

4. The matter here in dispute is a janitorial services contract, indistinguishable from similar contracts in the general realm of commercial activity, except that one of the parties to it is a school system. As such, this quarrel is not "a local controversy in reference to the construction or administration of the school law."

The answer to the first certified question is in the negative. We do not answer the second.

*Certified question answered in the negative. All the Justices concur.*

DECIDED APRIL 9, 1987 —
RECONSIDERATION DENIED APRIL 29, 1987.

*Powell, Goldstein, Frazer & Murphy, James C. Rawls, V. Robert Denham, Jr., Lisa S. Messing,* for appellant.
*Fortson & White, Andrew J. Hinton, Jr., Douglas R. Powell,* for appellee.