A90A0756. BACON v. BREWER.
(395 SE2d 383)

BIRDSONG, Judge.

Perry Bacon, as Superintendent of Bryan County School Systems, sued Dr. Sallie Brewer seeking to have declared null and void a contract of employment executed by Dr. Brewer with the Board of Education, nominating and appointing herself as principal of Bryan County High School for January 1, 1989, for the 1989-1990 school year. Dr. Brewer had lost her re-election bid for school superintendent. Prior to expiration of her term on December 31, 1988, she nominated herself to fill the vacant principal's job and was then duly

elected by the school board, which included Perry Bacon, the plaintiff herein.

Plaintiff Bacon sued as next and current superintendent of Bryan County schools, filed this suit in superior court to have that employment contract declared null and void; and to recapture salary payments made under it. This appeal is from the superior court's dismissal of Mr. Bacon's suit on grounds that this is a "local controversy" involving the application of school law within the meaning of OCGA § 20-2-1160, and that Bacon was first required to exhaust administrative remedies contained in that Code section. *Held*:

Appellant Bacon contends this case is a matter for the courts and not a "local controversy" within the meaning of OCGA § 20-2-1160, in principle because of the high position of trust held by public officials and the "gross abuse of power and display of conflict of interest [in this case] so as to require the Superior Court of Bryan County to take jurisdiction of this matter and to declare the noted contracts void and against public policy." Appellant cites as authority no case on point or statute which excepts this case from § 20-2-1160.

OCGA § 20-2-1160 (a) provides: "Every county, city, or other independent board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony if necessary." The remainder of § 20-2-1160 sets forth in detail the rules of procedure, hearing, and determination, and provides for appeal to the superior court.

The term "local controversy" refers to matters of controversy pertaining or existing within one local school board as discreet from other school boards. The remedy provided by § 20-2-1160 is the "legal remedy" for such controversies, and is authorized in inception by Art. VIII, Sec. V, Pars. I & II of the Georgia Constitution. *Patterson v. Boyd*, 211 Ga. 679 (87 SE2d 861). The courts will not preempt this administrative remedy in the first instance except as a matter of equity where it is necessary to prevent irreparable injury, or where equity alone can grant adequate relief; the courts of equity will not interfere until and unless the administrative remedy has been exhausted and has failed to eliminate the violation of law or the gross abuse of discretion which is its equivalent, and this by way of appeal only. *Bedingfield v. Parkerson*, 212 Ga. 654 (94 SE2d 714).

Appellant Bacon has shown no basis to conclude that the administrative remedy could not resolve this controversy, including construction of the employment contract and determinations of fact and matters of hiring and firing and payment of salary. This being a controversy that affects only the administration of the local board of education, and not others, appellant was required to follow the legal remedy set up for the resolution of such internal controversy in § 20-2-

1160.

Moreover, the trial court, having heard the matter, did not find any basis upon which to conclude that the legal remedy provided by § 20-2-1160 was inadequate, and we find no abuse of discretion in this finding. Accordingly, appellant is recommended to the procedure set out by the legislature to resolve any remaining disputes such as repayment of salary.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED JUNE 25, 1990.

*Jack E. Carney, Jr.*, for appellant.
*Lee & Clark, James M. Thompson, Mark A. Bradley*, for appellee.