S91A0616. GLYNN COUNTY BOARD OF EDUCATION et al. v. LANE et al.
(407 SE2d 754)

CLARKE, Chief Justice.

This is an appeal from an order of the Superior Court of Glynn County. The court held, first, that the court, rather than the Glynn County Board of Education (hereinafter the Board), had jurisdiction over the issues before it. Secondly, the court mandated an audit of the Board's financial affairs by a private firm of certified public accountants.

OCGA § 50-6-6 (a) requires that the Department of Audits and Accounts annually audit the records of the state's school systems. Subsection (b) of the statute authorizes local boards of education to have an additional audit. Section 12 of the "Act to regulate public instruction in the county of Glynn," Ga. L. 1965, p. 3309, requires that an audit be conducted "by an independent certified public accountant or an independent firm of certified public accountants, not a member or employee of said board." The trial court found that from

1965 to 1979, the Glynn County Board of Education had an annual audit of its financial transactions performed by a local certified public accounting firm. After 1979, the county had the audit performed by the State Department of Audits. The Board takes the position that use of the State Department of Audits for the annual audit amounts to substantial compliance with the requirement of the local act.

1. The Board contends that the court erred in assuming jurisdiction of this case because the appellees have not exhausted their administrative remedies before seeking a writ of mandamus. *Bedingfield v. Parkerson*, 212 Ga. 654, 660 (94 SE2d 714) (1956), is cited by the Board as authority for its argument that courts interfere with a decision of a county board of education only if there is a gross abuse of discretion and if plaintiffs have exhausted their administrative remedies. The Board also contends that as a "local controversy" involving "school law," this matter requires a hearing before the Glynn County Board of Education pursuant to OCGA § 20-2-1160 (a). We do not agree.

A board of education is a governing authority for the political subdivision which makes up the school district. As such, it has the capacity to act as a legislative body, an executive body, and a judicial body. OCGA § 20-2-1160 (a) provides that in its judicial capacity it conducts hearings and makes decisions on "any matter of local controversy in reference to construction or administration of the school law." The terms "local controversy" and "school law" have never been defined by this court. *Servicemaster Management Services Corp. v. Cherokee County School System*, 257 Ga. 60 (354 SE2d 424) (1987). The trial court gives an excellent summary of cases in which this court has determined on a case by case basis whether a matter is a local controversy involving school law. The trial court concludes that this is not a local controversy involving school law because it involves neither the administration of the schools nor the rights of individuals within the schools, but, rather, a purported legal duty placed upon the Board by law.

The trial court concluded further that even if the matter were a local controversy involving school law, exhaustion would not be required. The trial court expressed the futility of exhaustion in this case:

> At the very heart of the functioning of a judicial tribunal is the necessity that a judicial decision maker not have a predisposition as to the matters to be adjudicated so as to impair its ability to consider the matter before it fairly and impartially. The Board members clearly have such a predisposition by virtue of their long-standing and firm resistance to the audit as purportedly required by Georgia Laws

1965, pp. 3308-3310.

In *Bedingfield v. Parkerson*, supra, cited by the Board as authority for its argument that exhaustion is required, this court reiterated the principle that courts of equity will grant relief only where there is a showing that the remedy of appeal to the administrative authority is inadequate. The Board insists that plaintiffs/appellees have shown no reason that the administrative appeal would be inadequate. We do not agree. The sole issue in this case involves conduct of the Board. It is unreasonable to require of appellees the futile act of participating in a hearing before that body on the question of its own conduct. Where the remedy is inadequate, exhaustion is not required, *Hilton Constr. Co. v. Rockdale County Bd. of Education*, 245 Ga. 533, 539 (266 SE2d 157) (1980), and appellees are entitled to bring an action for mandamus before the Superior Court without exhausting administrative remedies.

2. The Board argues that the court's ruling creates a conflict between a general statute, OCGA § 50-6-6, and Ga. L. 1965, pp. 3308-3310, which is local law. We do not agree. OCGA § 50-6-6 (a) imposes a duty upon the Department of Audits and Accounts to conduct an audit of all schools receiving state aid. OCGA § 50-6-6 (b) authorizes local boards of education to have an additional audit. The local act which provides for an independent audit, Ga. L. 1965, pp. 3308-3310, does not conflict with the general act but simply requires the Glynn County Board to do that which the general act says it may do. We do not view this as a conflict.

3. The third contention of the Board concerns the meaning of the phrase "independent certified public accountant or an independent firm of certified public accountants, not a member or employee of said board." The Board insists that overwhelming evidence was presented that "independent" means absence of potential conflict of interest. We view this as a question of statutory construction rather than as a factual matter to be determined by the evidence. The general statute at subsection (a) requires an audit by the state auditor and at subsection (b) permits local boards of education to have additional audits made. The local statute mandates the additional audit allowed by the general statute. If the Board could satisfy that mandate by doing nothing and allowing the provisions of OCGA § 50-6-6 (a) to be carried out, then the local act serves no purpose. The obvious intent of the legislature in enacting the special act was to impose upon the Board a duty authorized by the general act and beyond that required by the general act. This duty is to have the books audited by an independent CPA other than the state auditor.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*

DECIDED SEPTEMBER 6, 1991.

*James A. Bishop, C. Foster Lindberg,* for appellants.
*Thomas L. Swift,* for appellees.