A94A2121. BARTON et al. v. BARTON et al.
(454 SE2d 155)

McMURRAY, Presiding Judge.

This is an appeal from an order granting a final judgment canceling a deed to secure debt in a quia timet action under the provisions of OCGA § 23-3-40 et seq. *Held:*

1. Contrary to appellees' suggestion, this appeal in an equity case is not subject to transfer to the Supreme Court, but is within the jurisdiction of this court since only issues of law are raised by appellants' enumerations of error and there is no substantive issue of equity presented. *Beauchamp v. Knight*, 261 Ga. 608, 609 (2) (409 SE2d 208).

2. The trial court did not err in denying defendant W. F. Barton's motion for a continuance of the trial date due to health reasons. The recital of facts in this motion did not suggest that this defendant was

expected to improve so as to be available for trial at a later date or that the defendant's case could not be adequately presented in his absence. *Allen v. Brookshire*, 169 Ga. App. 391 (1) (312 SE2d 862).

We also note that a subsequent motion for continuance due to medical reasons by both of the defendants is also meritless. This later motion was not filed until after the date of the trial sought to be continued.

3. The final judgment being appealed, which is the sole order or ruling of the trial court in the record, was entered following a non-jury trial. This order includes rulings upon several pre-trial motions and indicates that the evidence at trial was considered in connection with the motion rulings. Each of the remaining enumerations of error submitted on appeal is dependent upon consideration of the evidence heard by the trial court. The pro se appellants have failed to include in their notice of appeal a statement, as required by OCGA § 5-6-37, indicating whether any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal. No transcript being included in the record on appeal, we must rely upon the presumption in favor of the regularity of all proceedings in a court of competent jurisdiction and assume that the evidence was sufficient to authorize the final judgment entered in the trial court. *Burnette v. McCarter*, 211 Ga. App. 781, 783 (3) (440 SE2d 488); *Bennett v. Executive Benefits*, 210 Ga. App. 429 (436 SE2d 544); *Prada v. Small Business Admin.*, 208 Ga. App. 710 (432 SE2d 274).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

Decided February 1, 1995 —
Reconsideration denied February 14, 1995.

W. F. Barton, *pro se.*

Barbara Barton, *pro se.*

*Dye, Tucker, Everitt, Wheale & Long, John B. Long,* for appellees.