S95A0332. PUBLIC BROADCASTING ASSOCIATION et al.
v. ATLANTA CITY SCHOOL DISTRICT et al.

(457 SE2d 814)

FLETCHER, Justice.

The Atlanta Board of Education owns and operates WABE, a public radio station, and WPBA, a public television station. The Public Broadcasting Association of Greater Atlanta, Inc. filed a petition for writ of mandamus to require the school board to divest itself of its broadcast licenses. We must decide whether the trial court had jurisdiction to consider the association's petition. Because the school board's authority to hold the broadcast licenses is not a local controversy related to school law, the association was not required to first file its complaint with the school board. Therefore, we reverse the trial court's dismissal of the complaint.

The Georgia Code's education title prescribes that local school boards shall serve as a tribunal to resolve local controversies involving school law. OCGA § 20-2-1160 provides:

> Every county, city, or other independent board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law.

After the local board issues its decision, the parties may appeal to the State Board of Education and then to the superior court. The Georgia legislature provided this administrative remedy to give school boards the initial opportunity to resolve local disputes.

This court has interpreted OCGA § 20-2-1160 on a case-by-case basis.[1] We have required disputes concerning employment contracts, pupil assignments, and school construction to be resolved through the use of administrative remedies.[2] Conversely, we have held that a superior court, rather than the local school board, was the proper tribu-

---

[1] See *Servicemaster Mgmt. Svcs. Corp. v. Cherokee County School Sys.,* 257 Ga. 60, 61 (354 SE2d 424) (1987).

[2] Id.; see, e.g., *Surrency v. Dubberly,* 225 Ga. 735 (171 SE2d 306) (1969) (nonresident pupil assignments); see also *Carter v. Bd. of Ed.,* 221 Ga. 775 (147 SE2d 315) (1966) (requiring exhaustion of administrative remedies in controversy over school fees).

nal when the dispute involves commercial contracts,[3] damages actions,[4] election contests,[5] and statutory construction.[6] Similarly, the superior court has had jurisdiction to hear challenges to the use of school tax funds.[7] Despite the school board's contention, the interpretation of other provisions of the education title is not decisive in determining whether the superior court or school board has jurisdiction under OCGA § 20-2-1160.[8]

Because the association challenges the authority of the school board to spend school tax funds on the broadcast stations, we conclude that the dispute is not a local controversy involving the construction and administration of school law. As a result, the association was not required to pursue administrative remedies before the Atlanta Board of Education before filing its complaint in superior court. We hold that the trial court had jurisdiction to hear the association's claims seeking to divest the school board of its ownership and operation of the public broadcast stations. Accordingly, we reverse and remand for the trial court to hear the merits of the association's claims.

*Judgment reversed. All the Justices concur, except Benham, P. J., and Carley, J., who concur specially.*

BENHAM, Presiding Justice, concurring specially.

Although I agree with the majority opinion that this case involving the authority of a school district to own and operate telecommunications facilities falls outside the provisions of OCGA § 20-2-1160, I write separately to express my concern that this court has not given the school boards and superior courts of this state sufficient guidance in this area. The majority opinion cites numerous cases applying — or refusing to apply — the statute, but it has not provided a useful guide for such cases, continuing instead with the case-by-case basis on which issues in this area have been decided. Such an approach unduly burdens those involved in public education, making it almost impossible to determine whether a particular controversy must first be ad-

---

[3] See *Servicemaster*, 257 Ga. at 61.

[4] See *Hilton Constr. Co. v. Rockdale County Bd. of Ed.*, 245 Ga. 533, 538-540 (266 SE2d 157) (1980); *Eastwind Developers v. Board of Ed.*, 238 Ga. 587 (234 SE2d 504) (1977).

[5] See *Conley v. Brophy*, 207 Ga. 30, 33-34 (60 SE2d 122) (1950); *Nash v. Robinson*, 159 Ga. 185, 187 (125 SE 58) (1924).

[6] See *Glynn County Bd. of Ed. v. Lane*, 261 Ga. 544 (407 SE2d 754) (1991).

[7] See *DeKalb County School Dist. v. DeKalb County*, 263 Ga. 879 (440 SE2d 185) (1994) (deciding whether road improvements are necessary and incidental to public education); *Russell v. Fletcher*, 244 Ga. 854 (262 SE2d 138) (1979) (addressing whether school district may spend school tax funds to provide school crossing guards). But see *Surrency*, 225 Ga. at 736 (holding taxpayer challenge to use of county tax monies to educate students from another county was a local controversy that required an exhaustion of administrative remedies).

[8] See *Nash*, 159 Ga. at 187; see also *Servicemaster*, 257 Ga. at 60-61 (rejecting argument that claim involved school law because complaint alleged service contract was void under former OCGA § 20-2-504).

dressed through administrative procedures.

As an analytical guide in this area, I would propose a simple rule: issues as to which a school board is uniquely qualified to make decisions, and as to which a school board must exercise discretion, must be first considered in the administrative process established by the statute; other issues may be taken up initially in court. Such a rule would fit the cases cited in the majority opinion and would eliminate the hit-or-miss approach which parties and practitioners have been forced to use. In the instant case, application of that rule would demand the conclusion that the issues at bar could be presented directly to a court. That is so because the ownership and operation of telecommunications facilities is not something with regard to which a school board is uniquely qualified to make decisions, notwithstanding that the school district involved in this case has been operating one of the stations in question for almost 50 years and the other for almost 40 years.

While I agree with the result of this case, I regret that this court has passed up an opportunity to provide clarity to an area of law clouded with doubt. That clarity could have been provided, I believe, by merely applying the rule proposed in this concurrence.

I am authorized to state that Justice Carley joins in this special concurrence.

DECIDED JUNE 5, 1995 —
RECONSIDERATION DENIED JUNE 30, 1995.

*McKee & Barge, R. Mason Barge,* for appellants.
*Bondurant, Mixson & Elmore, Jane E. Fahey, J. Scott McClain,* for appellees.