## S01A1062. LEWIS et al. v. CITY OF ATLANTA.

(553 SE2d 611)

HUNSTEIN, Justice.

Appellants Thomas Lewis and Odette Florence were City of Atlanta employees. In 1998, each City of Atlanta department received a financial directive that the 1999 budget had to be submitted with a permanent 18% reduction. Appellants' jobs were among those positions designated to be abolished in order to achieve the new budgetary goals. The Atlanta City Council subsequently reinserted the positions in the budget, but the mayor ultimately exercised his line-item veto authority to permanently do away with the jobs. Appellants filed suit against the City in the U. S. District Court for the Northern District of Georgia in which they assert that the circumstances under which they were discharged by the City gave rise to various causes of action, including claims under 42 USC § 1983.[1] Appellants seek damages, reinstatement and various other forms of legal and equitable relief in their federal cases. In July 2000, fifteen months after they first raised their claims in federal court, appellants instituted the present action in the Superior Court of Fulton County asserting that they had been improperly terminated from employment with the City because they reported allegations of fraud, waste, and abuse within city government and requesting that the trial court issue interlocutory and permanent injunctive relief. After conducting a hearing the trial court denied the requested injunctive relief based on findings that there was an adequate remedy in the pending federal lawsuits and the relief they sought was untimely. Appellants filed this direct appeal. See OCGA § 5-6-34 (a) (4) (direct appeal from denial of interlocutory injunction). Finding no abuse in the trial court's discretion in denying the injunctive relief, see generally *Chambers v. Peach County*, 268 Ga. 672 (1) (492 SE2d 191) (1997), we affirm.

Applying the general rule that this Court will not disturb a trial court's exercise of its discretion unless a manifest abuse of that discretion is shown, id., 268 Ga. at 673 (1), we find that appellants have failed to carry the burden to show that the trial court abused its dis-

---

[1] *Lewis v. City of Atlanta*, United States District Court for the Northern District of Georgia, Civil Action File No. 1:99-CV-3078-ODE; *Florence v. City of Atlanta*, United States District Court for the Northern District of Georgia, Civil Action File No. 1:99-CV-3169-ODE.

cretion in refusing to issue an order reinstating them to their previous city employment. The purpose of an interlocutory injunction is to preserve the status quo pending a final adjudication of the case. *Bailey v. Buck*, 266 Ga. 405 (1) (467 SE2d 554) (1996). Here, the trial court correctly concluded that there was no threat of immediate or irreparable harm to substantiate the grant of temporary injunctive relief due to the extended length of time the parties had not been City employees. As to the request for permanent injunctive relief to enjoin the mayor from terminating them from employment through the exercise of his line-item veto, we note that a court should grant an injunction only in clear and urgent cases and only if there is no other remedy available. OCGA § 9-5-8; *Besser v. Rule*, 270 Ga. 473 (510 SE2d 530) (1999). Here, the pendency of the federal lawsuits and the availability of reinstatement or monetary damages by the federal court, is evidence that other remedies exist. Moreover, the fact that appellants had not served in their city jobs for over a year before they sought reinstatement supports the finding by the trial court that appellants failed to prove that this was a clear and urgent case. Accordingly, we agree with the trial court's conclusion that an injunction was not warranted.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 2001.

*Harry W. MacDougald*, for appellants.

*Susan P. Langford, Lemuel H. Ward, Kendric E. Smith*, for appellee.