## A03A0092. ATLANTA PUBLIC SCHOOLS v. DIAMOND.
### (583 SE2d 500)

MILLER, Judge.

Atlanta Public Schools (APS) refused to renew Margery Diamond's teaching contract and further refused to explain the reasons for the nonrenewal or to give her a hearing on the matter, despite Diamond's requests therefor. Diamond sued APS in superior court to compel APS to provide Diamond with a teaching contract for the next school year. Following two hearings (including at least one evidentiary hearing), the court ordered APS to provide Diamond with a teaching contract, $2,500 reimbursement in attorney fees, and costs. APS appealed; however, it failed to provide transcripts or adequate substitution for the appellate court to review. Absent those transcripts, we must affirm.

On March 15, 2002, APS notified Diamond that her annual teaching contract with the school system would not be renewed for the 2002-2003 school year. The letter gave Diamond the notice referenced in OCGA § 20-2-942 (b) (2), informing her that she had a right to procedural safeguards, including the right to notice of the reasons for this action and the right to a hearing. The letter told Diamond that to exercise those rights, she should send, within 20 days, a letter via certified mail requesting such. Diamond sent such a letter on March 28. APS did not notify Diamond of the reasons for the nonrenewal, set up a hearing on the matter, or otherwise respond in any way to Diamond's letter.

Diamond sent a second letter on May 23, noting that under OCGA § 20-2-942 (b) (2), APS was to have provided her a response containing the requisite information within 14 days of the March 28 request. She demanded that APS issue her a renewal contract immediately. Again, APS did not respond.

On June 18, Diamond sued APS in Fulton County Superior Court, asking that the court (i) order APS to provide her a contract for 2002-2003 and (ii) award her attorney fees for stubborn litigiousness and for causing her unnecessary trouble and expense. Diamond simultaneously moved for a temporary injunction to compel APS to

provide the contract. The court scheduled a hearing on the motion for June 27.

The court held the hearing; however, what actually transpired at the hearing is unclear since no transcript of the hearing is in the appellate record. Indeed, at oral argument before this Court, APS conceded that the hearing was not reported.[1] The court apparently indicated it intended to rule in Diamond's favor, but before an order was filed, APS moved the court to reconsider the ruling, and a second hearing was held on July 3. Again, nowhere in the record is found a transcript of this hearing, during which the court (per APS's appellate brief) received live testimony. The court filed its "Final Order" in Diamond's favor that day, ordering APS to provide her with a 2002-2003 contract, to pay her $2,500 in attorney fees, and to pay all costs.

APS appealed this order by filing a notice of appeal that failed to include the information required by OCGA § 5-6-37. The notice did not designate those portions of the record to be omitted from the record on appeal, nor did it state whether any transcript of evidence or proceedings was to be transmitted as part of the appellate record. On appeal APS claims that the trial court erred by (1) deciding the matter even though Diamond had not exhausted her administrative remedies before bringing the action, (2) awarding injunctive relief even though adequate legal remedies were available to Diamond, (3) converting the temporary injunction motion into a summary judgment motion without providing APS 30 days notice, and (4) awarding attorney fees without the proper showing required by OCGA § 13-6-11. We will address these enumerations seriatim.

1. Citing *Bacon v. Brewer*, 196 Ga. App. 130 (395 SE2d 383) (1990), and *Arp v. City of Bremen Bd. of Ed.*, 171 Ga. App. 560 (320 SE2d 397) (1984), APS argues that Diamond was required to exhaust her administrative remedies available under OCGA §§ 20-2-940, 20-2-942, and 20-2-1160 before bringing an action to have her teaching contract renewed. Diamond counters that under *Dalton City Bd. of Ed. v. Smith*, 256 Ga. 394, 395 (1) (349 SE2d 458) (1986), such administrative remedies are not available where the issue is the non-renewal of an annual teaching contract.

Both parties misapprehend the law. OCGA § 20-2-942 (b) (1) provides that the procedural safeguards of OCGA § 20-2-940 (such as a hearing before the local school board and reasons for dismissal) are available for tenured teachers, i.e., teachers who have accepted a

---

[1] During oral argument, APS's appellate counsel stated that he believed that APS's trial counsel had made a request for the hearing to be reported, but that such did not occur. Diamond's appellate counsel, who was also Diamond's trial counsel, represented that no request was made for the hearing to be reported. No evidence in the record relates to this issue, and thus we are unable to review it.

school year contract for the fourth consecutive school year (or more) from the same local board of education. See *Dorsey v. Atlanta Bd. of Ed.*, 255 Ga. App. 104, 105 (1) (564 SE2d 509) (2002) ("Normally, a teacher must have held contracts for four consecutive school years in order to obtain tenure. OCGA § 20-2-942 (b) (1)."). OCGA § 20-2-1160 (a) grants local school boards the power to hear and determine "any matter of local controversy in reference to the construction or administration of the school law," which would include hearing challenges to a decision not to renew the contract of a tenured teacher. See *Dalton City Bd. of Ed.*, supra, 256 Ga. at 395 (1), n. 1. The statute also provides that appeals from the local boards may be taken to the State Board of Education, and from there to the local superior court. OCGA § 20-2-1160 (b), (c); see OCGA § 20-2-940 (f).

*Dalton City Bd. of Ed.*, supra, 256 Ga. at 395 (1), however, makes it clear that the decision to not renew a *nontenured* teacher's contract would be more in the realm of school policy rather than school law and therefore would not constitute a "matter of local controversy in reference to the construction or administration of the school law" under OCGA § 20-2-1160 (a). In other words, nontenured teachers whose contracts are not being renewed are not afforded the procedural safeguards of OCGA § 20-2-942 (b) or the right to a hearing under OCGA § 20-2-1160 or § 20-2-940, and therefore need not exhaust these administrative remedies before bringing suit in superior court. See *Dorsey*, supra, 255 Ga. App. at 106 (1), n. 2.

The question of whether Diamond was a tenured teacher, therefore, is critical in determining whether Diamond was required to exhaust the administrative remedies outlined in OCGA §§ 20-2-940, 20-2-942, and 20-2-1160. Although no evidence in the appellate record before us addresses this question, both parties at oral argument agreed that Diamond was a tenured teacher. Thus, she was undisputedly entitled to a hearing before the local board and to the reasons for her dismissal. OCGA § 20-2-940. APS and the local board (to whose superintendent the request was directed) *prevented* Diamond from obtaining a hearing, thereby frustrating her efforts to exhaust her statutory remedies by refusing within 14 days to respond to the March 28 request for such a hearing, even though such was required under OCGA § 20-2-942 (b) (2). As the local board refused to hold the hearing to which Diamond would have been statutorily entitled, it would have been futile to attempt to appeal that refusal to the State Board of Education, since such appeals are confined to the record and presuppose a hearing was held. Therefore, Diamond's failure to exhaust futile administrative remedies would not bar a direct proceeding before the superior court.

2. APS claims that Diamond had an adequate remedy at law and therefore was not entitled to injunctive or other equitable relief. See

OCGA § 9-5-1. "Equitable relief is improper if the complainant has a remedy at law which is adequate, i.e., as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." (Citation and punctuation omitted.) *Besser v. Rule*, 270 Ga. 473, 475 (510 SE2d 530) (1999). APS argues that Diamond's adequate remedy at law was "reinstatement and/or back pay and benefits." See *Lewis v. City of Atlanta*, 274 Ga. 296, 297 (553 SE2d 611) (2001) (availability of reinstatement or monetary damages evinces that adequate remedies at law exist).

*This adequate remedy at law is exactly what the trial court ordered.* It ordered that Diamond be reinstated by requiring that APS provide her with a contract for the 2002-2003 school year. By reinstating her *before* any pay or benefits were lost, the court did not need to award her such. The court did not issue a temporary or interlocutory injunction; rather, it decided the case on the merits based on the evidence and argument presented at the hearings and entered final judgment in her favor, reinstating her as requested in her complaint.

Moreover, we note that APS contends in its appellate brief that (i) at the July 3 hearing, Diamond presented oral testimony concerning the inadequacy of the remedies at law and (ii) the trial court found in her favor on this point. By failing to ensure that the hearings were recorded and that the transcripts were sent to this Court as part of the record (or providing an adequate substitute), APS has deprived this Court of the ability to review the trial court's decision in this regard. Where appellants fail to include in the record the transcript of evidence and proceedings, "we must rely upon the presumption in favor of the regularity of all proceedings in a court of competent jurisdiction and assume that the evidence was sufficient to authorize the final judgment entered in the trial court. [Cits.]" *Barton v. Barton*, 216 Ga. App. 292, 293 (3) (454 SE2d 155) (1995); see *Acker v. Jenkins*, 178 Ga. App. 393, 394 (1) (343 SE2d 160) (1986).

3. APS complains that the trial court inappropriately converted the motion for temporary injunction into a motion for summary judgment, without giving APS 30 days notice in which to present evidence in opposition. Indeed, a respondent to a motion to dismiss or a motion for interlocutory injunction is entitled to notice of conversion of the motion into one for summary judgment and to 30 days to respond to the motion for summary judgment, unless such notice and opportunity are waived. *Bonner v. Fox*, 204 Ga. App. 666, 667 (420 SE2d 312) (1992); see *Charming Shoppes v. Black*, 252 Ga. 207 (312 SE2d 604) (1984); *Electronic Data Systems Corp. v. Heinemann*, 217 Ga. App. 816, 820 (7) (459 SE2d 457) (1995).

Here APS alleged in its appellate brief and at oral argument that at the hearings in this case, the court effectively converted the pre-

liminary injunction motion to one for summary judgment. The absence of the transcripts, however, precludes this Court from determining whether APS acquiesced in this conversion or otherwise waived the required notice and opportunity. Without the transcripts, we assume the regularity of the proceedings and must therefore conclude that the court followed the proper procedures and that the evidence authorized the court's judgment. *Barton*, supra, 216 Ga. App. at 293 (3); *Bray v. State*, 181 Ga. App. 678, 679 (4) (353 SE2d 531) (1987).

4. APS contends that the evidence does not support a finding that attorney fees were proper. APS's complaint, however, that there was no evidence showing (i) stubborn litigiousness or the causing of unnecessary trouble and expense or (ii) the asserted $2,500 amount was reasonable (see *Crosby v. DeMeyer*, 229 Ga. App. 672, 674 (2) (494 SE2d 568) (1997)), must fail due to the absence of the transcripts, where evidence was presented on the attorney fees matter. Once again, we must conclude that the evidence authorized the court's findings concerning the issue of attorney fees. See *Barton*, supra, 216 Ga. App. at 293 (3).

APS's argument that only a jury may decide attorney fees is misplaced, for where the judge is the trier of fact, the judge may decide the issue. *Derrickson v. Kristal*, 148 Ga. App. 320, 321 (3) (251 SE2d 170) (1978). Nevertheless, the judge is not a trier of fact on a motion for summary judgment. *Page v. HSI Financial Svcs.*, 218 Ga. App. 283, 286 (5) (461 SE2d 239) (1995), rev'd on other grounds sub nom., *Henderson v. HSI Financial Svcs.*, 266 Ga. 844 (471 SE2d 885) (1996). Once again, without the transcripts we are unable to determine the announced scope of the hearings and whether APS acquiesced therein. We assume the regularity of the proceedings and conclude that the evidence authorized the trial court's final judgment and that the court followed the proper procedures. See *Barton*, supra, 216 Ga. App. at 293 (3); *Bray*, supra, 181 Ga. App. at 679 (4).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 13, 2003.

*Elarbee, Thompson, Sapp & Wilson, Brent L. Wilson, William A. Pinto, Jr.*, for appellant.

*Theodore G. Frankel*, for appellee.