## A09A0459. DAY v. BRANTLEY COUNTY SCHOOL DISTRICT.
(680 SE2d 496)

ADAMS, Judge.

Elaine Day brought suit against the Brantley County School District complaining that for nine school years she was underpaid because the school system failed to credit her with the proper number of years of service for her prior experience as a registered nurse. Day sought her back pay, damages for breach of contract, a writ of mandamus ordering the school district to comply with State law, and a declaratory judgment finding that the school district failed to compensate her properly. There is nothing in the record, however, to show that Day pursued any administrative remedies for her claims. In response to the school district's motion to dismiss or for summary judgment, the trial court granted summary judgment in favor of the school district without explanation. The court also denied the plaintiff's motion for declaratory judgment.

Generally, teachers with disputes regarding employment contracts must first seek redress before the local board of education. *Arp v. Bremen Bd. of Ed.*, 171 Ga. App. 560 (320 SE2d 397) (1984); OCGA § 20-2-1160 (a). As stated by the Supreme Court,

> OCGA § 20-2-1160 (a) provides that the local board of education shall hear and determine "any matter of local controversy in reference to the construction or administration of the school law. . . ." This provision includes disputes concerning employment contracts, reassignment, or demotion of a tenured teacher or principal. . . . *Public Broadcasting Assn. v. Atlanta City School Dist.*, 265 Ga. 526 (457 SE2d 814) (1995); *Emerson v. Bible*, 247 Ga. 633, 634 (278 SE2d 382) (1981); *Atlanta Public Schools v. Diamond*, 261 Ga. App. 641, 643 (1) (583 SE2d 500) (2003).

*Hall v. Nelson*, 282 Ga. 441, 443 (3) (651 SE2d 72) (2007).

Day's complaint is a dispute concerning her employment contract and a local controversy. See, e.g., *Arp*, 171 Ga. App. at 560 (allegation of breach of employment contract by school basketball coach). There has been no suggestion that pursuit of administrative remedies would be futile. See generally *Hall*, 282 Ga. at 443 (3). Accordingly, Day's complaint was properly dismissed. See *Arp*, 171 Ga. App. at 560. See also *USA Payday Cash Advance Centers v. Oxendine*, 262 Ga. App. 632, 632-633 (585 SE2d 924) (2003) (affirming grant of summary judgment for failure to exhaust administrative remedies); *Irvin v. Jenkins*, 233 Ga. 16, 17 (209 SE2d 610) (1974) (same).

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JUNE 16, 2009 —
RECONSIDERATION DENIED JULY 6, 2009 — 

*Langdale & Vallotton, W. Pope Langdale III, Christina L. Folsom*, for appellant.

*Harben, Hartley & Hawkins, Sam S. Harben, Jr., Page, Scranton, Sprouse, Tucker & Ford, David A. Siegel*, for appellee.