34950. FECKOURY v. ASKEW et al.

NICHOLS, Chief Justice.

The sole issue presented for decision is whether Lawson, the grantor of Askew, et al., reserved to himself for so long as he might continue to own the remainder of a certain large tract of land, a personal right to use a private way across a parcel conveyed to Feckoury's grantor, Richards, or whether, instead, the reservation language should be construed as having created an easement appurtenant to and running with the land, benefiting the reserved portion of the large tract, which now is owned by Askew, et al., and burdening the parcel conveyed to Richards, the relevant portion of which now is owned by Feckoury. If merely a personal right, rather than an easement appurtenant, was reserved, as contended by the appellant Feckoury, the trial court erred in ordering Feckoury to remove the obstruction from the private way and from interfering with the use of the way by Askew, et al., because the right reserved by Lawson would have been extinguished when he conveyed the remaining parcel to Askew, et al. If, on the other hand, the dominant

tenement ran with the land by virtue of the conveyance from Lawson to Askew, et al., and the servient tenement ran with the land by virtue of the conveyance from Richards to Feckoury, then the trial court did not err.

In specific reference to the private way in issue, the deed from Lawson and Manous to Richards provided: "It is further understood between the parties hereto that both parties shall have free use of the paved driveway leading into the Lawson & Manous Feed Mill."

Both parties concede that construction of the reservation of right language is a question for the court, rather than for a jury. *Hardman v. Chamber of Commerce,* 238 Ga. 551, 553 (2) (233 SE2d 753) (1977). The doctrines pertaining to implied reservation of easements of ingress and egress and ways of necessity are not involved in this case because the grantor expressly reserved a right. Cf. *Srochi v. Postell,* 206 Ga. 59, 62 (2) (55 SE2d 603) (1949); *Hasty v. Wilson,* 223 Ga. 739, 747 (4) (158 SE2d 915) (1967). The sole issue is the nature of the right reserved.

The words "heirs" or "assigns" are not absolutely essential in order for a right to use a way for ingress and egress to be appurtenant to and run with the land; neither does the use of such personal references as "convey to him" preclude the right from being appurtenant to and running with the land. *Stovall v. Coggins Granite Co.,* 116 Ga. 376 (42 SE 723) (1902); *Forsyth Corp. v. Rich's, Inc.,* 215 Ga. 333, 338 (110 SE2d 750) (1959). This court gives effect to the expressed intention of the parties and resolves doubtful cases in favor of that construction which causes the right to be appurtenant rather than personal. *Stovall v. Coggins Granite Co.,* supra. The Court of Appeals has applied these principles. *Barton v. Gammell,* 143 Ga. App. 291 (238 SE2d 445) (1977).

Feckoury correctly contends that we should consider the entire instrument, including a provision not directly in issue in this case that reserves a right to obtain water from a well on the tract conveyed, as follows: "It is specifically understood and agreed between the parties hereto that the Grantors shall have a right to use water from a well located on the above described property *so long as they own the property herein reserved by them* provided they pay one-half (1/2) of the upkeep for the pump and

well and pay for all the electricty necessary to operate the pump." (Emphasis supplied.) Feckoury contends that the emphasized language must be read into the clause reserving a right to use the road. This court disagrees. The words in question pertain alone to the well.

The rights reserved as to the roadway were appurtenant to and ran with the land, binding Feckoury and Askew, et al., the current owners. *Stovall v. Coggins Granite Co.,* supra.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 25, 1979 — DECIDED SEPTEMBER 6, 1979.

*George Thomas,* for appellant.
*C. Michael Roach,* for appellees.