A89A1866. BROWN v. DEPARTMENT OF TRANSPORTATION.
(393 SE2d 36)

McMURRAY, Presiding Judge.

Larry A. Brown (plaintiff) brought an inverse condemnation action against the Department of Transportation, State of Georgia ("DOT"), seeking compensation for the alleged taking of a parking easement which was appurtenant to his business property. Plaintiff also sought compensation due to the purported "loss of access to his [business] premises. . . ." DOT denied liability and subsequently moved for summary judgment. The evidence and allegations, construed in a light which most favorably supports plaintiff's claims,[1] reveals the following:

Plaintiff owns a commercial building adjacent to a DOT road right-of-way in Bibb County, Georgia. He operates therein a dry cleaning and laundry business known as "Highland Cleaners." Prior to 1987 the only vehicular parking available to Highland Cleaners was an area on the road right-of-way situated a few feet from the

---

[1] " '[DOT], as movant for summary judgment, has the burden of establishing the absence of any genuine issue of material fact and of (its) right to recover as a matter of law. (Cit.) [Plaintiff], as the [party] opposing the motion, [is] entitled to all favorable inferences and the evidence is to be construed most strongly in [his] favor. (Cit.) "(A)ll the evidence adduced on said motion . . . must be construed most strongly against the movant." ' *Ga. Health Care, Inc. v. Loeb*, 151 Ga. App. 350 (1) (259 SE2d 734) (1979)." *Hanover Ins. Co. v. Nelson Conveyor &c. Co.*, 159 Ga. App. 13, 14 (1) (282 SE2d 670).

storefront of plaintiff's business premises. This parking area was made available by virtue of a June 21, 1954, conveyance between the State Highway Department of Georgia, DOT's predecessor in title, and a predecessor in title to plaintiff's business property. The conveyance is evidenced in a "RIGHT OF WAY DEED" which provides, in pertinent part, as follows: "This grant and conveyance is expressly conditioned upon the curb being lowered at the curb line, as shown upon the attached plat, so as to provide vehicular access to the undersigned's adjacent property shown upon said plat, and to the paving of the area between the curb line as shown and the inside edge of the sidewalk."[2]

In "about 1955 or 1956," the condition of the "RIGHT OF WAY DEED" was met, i.e., the curb was lowered "so as to provide vehicular access to the undersigned's adjacent property . . . ," and the area in front of what is now Highland Cleaners was used for customer parking. This parking arrangement was maintained until 1987, when DOT constructed a raised curb over the road right-of-way in front of plaintiff's business premises, cutting off convenient parking to Highland Cleaners and adversely affecting plaintiff's retail sales. The trial court granted DOT's motion for summary judgment and this appeal followed. *Held*:

Plaintiff contends the trial court erred in granting DOT's motion for summary judgment, arguing that the 1954 transaction between DOT's predecessor in title and his predecessor in title created an appurtenant parking easement which benefited his business property. On the other hand, DOT argues that the language of the "RIGHT OF WAY DEED" evidences, at best, a covenant which expired under the 20-year limitation period of OCGA § 44-5-60 (b).

The limitation period of OCGA § 44-5-60 (b) applies to restrictive covenants, not easements such as in the case sub judice. *Executrix of Estate of Seamans v. True*, 247 Ga. 721, 723 (4) (279 SE2d

---

[2] The evidentiary record is sparse and fails to include what, if any, interest plaintiff's predecessor in title had to the property which is the subject of this dispute. Further, the "RIGHT OF WAY DEED" purports to convey a fee interest in a 44 foot "strip" of land, comprising "0.0404 Acres," but it does not specifically describe the location of this property. Instead, the deed refers to and incorporates an April 7, 1954, plat to more particularly describe the "strip" of land. Unfortunately, there is no indication that the April 7, 1954, plat was properly introduced into evidence and made a part of the record. However, a March 1954 plat of "Baconsfield Park," recorded in the Superior Court of Bibb County on December 22, 1954, is in the record and it appears to reflect the area of Highland Cleaners and DOT's road right-of-way. Nonetheless, even a strained examination of this evidence does not conclusively reveal the relative rights and duties of the parties with regard to the disputed "strip" of land. It is from evidence of this and other such evidence that we find that plaintiff's predecessor in title had a fee interest in the "strip" of land he conveyed to the State Highway Department; that the "strip" of land is situated directly in front of plaintiff's business premises and that it formerly provided sufficient parking area for the adjacent business premises.

447); *Hendley v. Overstreet*, 253 Ga. 136, 137 (318 SE2d 54). A restrictive covenant relates to a burden or "servitude" upon land, while an easement "relates more to the benefit conferred upon the dominant tenement." George A. Pindar's Ga. Real Estate Law, § 8-2, Vol. 1, p. 359 (3d ed.). Further, an easement runs with the land and differs from a restrictive covenant in that it only requires the servient tenant not to interfere with the reserved rights of the dominant owner. *Murphey v. Harker*, 115 Ga. 77, 82 (41 SE 585); *Georgia Power Co. v. Leonard*, 187 Ga. 608, 610 (2), 611 (1 SE2d 579). A restrictive covenant may or may not run with the land and it generally sets limits upon the use of the subject property. See George A. Pindar's Ga. Real Estate Law, § 8-7, Vol. 1, p. 362 and §§ 19-177 to 19-198, Vol. 2, pp. 206-223 (3d ed.). With these opposing characteristics in mind, we turn to the pivotal issue in the case sub judice, whether the 1954 conveyance from plaintiff's predecessor in title to the State Highway Department included the reservation of a parking easement.

" 'In determining whether an instrument grants an easement . . . , the crucial test is the intention of the parties, and the whole instrument must be looked to, and recitals in the instrument, subject matter, object, purpose, and nature of restrictions or limitations, if any, or the absence of such, and attendant facts and circumstances of the parties at the time of making the instrument are all to be considered. Code § 29-109 [now OCGA § 44-5-34]; *Jackson v. Rogers*, 205 Ga. 581 (54 SE2d 132), and cit.' *Danielsville &c. Tel. Co. v. Sanders*, 209 Ga. 144, 145 (71 SE2d 226) (1952)." *Dept. of Transp. v. Knight*, 238 Ga. 225, 228 (232 SE2d 72). See George A. Pindar's Ga. Real Estate Law, § 8-19, Vol. 1, p. 372 (3d ed.).

In the case sub judice, the object of the reservation in the "RIGHT OF WAY DEED" is clear, "to provide vehicular access to the undersigned's adjacent property. . . ." It is therefore apparent that the author of this deed was more intent upon directing a benefit to the "adjacent property" than to placing a "restrictive" burden upon the newly acquired road right-of-way. From another perspective, it can be inferred from the evidence and allegations in the record that the State Highway Department was aware in 1954 that it was seeking the only available parking area to plaintiff's predecessor in title's business premises; that the taking of this land via condemnation would be time consuming and that the acquisition would be costly due to the adverse effect the taking would have upon the remaining business property. It can also be inferred that plaintiff's predecessor in title did not then wish to give up his only parking area; that he was aware that such a loss would have a severe adverse effect upon the value of his business and that he was equally aware of the State's power to take the land via condemnation. It can therefore be assumed that the parties entered into a mutually acceptable transac-

tion whereby the State Highway Department obtained a right-of-way over the desired "strip" of land and that plaintiff's predecessor in title avoided the loss in value to his business property by reserving a parking easement over the adjoining "strip" of land. If these circumstances prevail, it can easily be seen that the parties to the 1954 conveyance intended that the parking rights over the conveyed "strip" of land to continue with the "adjoining property," thereby conferring an appurtenant easement in favor of the land which is now occupied by plaintiff. See *Feckoury v. Askew*, 244 Ga. 128 (259 SE2d 70). This question, for resolution by the trier of fact, remains in the trial court. However, it is sufficient to say that the undisputed evidence did not demand a verdict for DOT and that the trial court erred in granting DOT's motion for summary judgment.[3]

*Judgment reversed. Beasley, J., concurs. Carley, C. J., concurs in the judgment only.*

DECIDED MARCH 14, 1990 —
REHEARING DENIED MARCH 30, 1990.

*Stewart R. Brown*, for appellant.

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Harrison Kohler, Deputy Attorney General, Roland F. Matson, Senior Assistant Attorney General, Beverly B. Martin, Assistant Attorney General*, for appellee.

---

[3] In light of the above holding, it is unnecessary for this Court to address plaintiff's claim of a compensable "loss of access to his [business] premises. . . ."