## A97A2571. DARBY v. THE STATE.
(495 SE2d 146)

BLACKBURN, Judge.

Pursuant to a voluntary plea agreement regarding his conviction for theft by taking, Jerry Lee Darby was required to pay child support directly to his ex-wife, Gilda Lavendar Darby, as a special condition of his probation. Darby appeals the trial court's refusal to strike this special condition, contending that the condition is illegal and void. For the reasons discussed below, we affirm the trial court's denial of Darby's motion.

In determining probation conditions, "[t]he trial judge is expressly authorized by OCGA § 17-10-1 (a) to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper. OCGA § 42-8-35 sets forth 12 conditions which may be imposed on probation. This list, however, is not exclusive. A trial court certainly has broad discretion to determine the terms and conditions of probation. *In the absence of express authority to the contrary*, we see no logical reason why any reasonable condition imposed for *probation* or suspension of a sentence by a trial court should not be approved." (Citations and punctuation omitted.) *Tuttle v. State*, 215 Ga. App. 396, 397 (2) (450 SE2d 863) (1994).

On November 19, 1992, Darby was indicted for the offense of theft by taking of monies belonging to Lockheed Georgia Employee's Federal Credit Union. On March 9, 1993, after paying restitution to Lockheed, Darby entered a plea of guilty to the crime pursuant to a negotiated plea agreement with the State. The trial court accepted the terms of this plea agreement, and Darby was sentenced to ten years of probation, with the special condition that he "pay [his ex-wife] Gilda Lavendar Darby the sum of two hundred ($200.00) by money order each and every Friday by 6 pm without fail for child support." The trial court also ordered that "for the payment of monies and for the protection of the public, [Darby] is to remain under the [court's] order of 10 years probation for the FULL term. The instant probation is not to be terminated or relaxed in any fashion."

1. In his first enumeration of error, Darby contends that the special condition of his probation requiring child support payments was illegal and void because it was unreasonable and fails to serve a legitimate purpose. We disagree.

OCGA § 42-8-35 enumerates 12 different conditions of probation which generally may be imposed on probationers in every case. By enumerating these conditions, the legislature has provided the courts with probation conditions which bear a reasonable relation to *any* crime and further serve to promote the rehabilitation of prisoners and the protection of society, the two main goals of probation. *Ballenger v. State*, 210 Ga. App. 627, 629 (2) (436 SE2d 793) (1993).

OCGA § 42-8-35 (10) explicitly states that the court may require that the probationer shall "[s]upport his legal dependents to the best of his ability." Because such a requirement ensures both that a probationer respects and fulfills his parental duties and that his children receive adequate support, it serves to foster the probationer's rehabilitation as an upstanding citizen and protects society's interest in the proper development of children. The condition that Darby pay $200 a week to his ex-wife is simply a specifically tailored exercise of the trial court's power to mandate that he support his legal dependents generally; therefore, Darby's contention that such condition was unreasonable and failed to serve a legitimate purpose is directly contrary to OCGA § 42-8-35 on its face and must be rejected.

2. In his second enumeration of error, Darby contends that the special condition of his probation requiring child support payments was illegal and void because he was not charged with child abandonment. In light of our holding in Division 1 of this opinion, we reject Darby's claim that payment of child support may be made a condition of probation only in cases of child abandonment.

3. In his third enumeration of error, Darby contends that the special condition of probation was illegal and void because he was required to make payments directly to his ex-wife rather than to an entity authorized by law to receive such payments pursuant to OCGA § 17-10-1. However, Darby failed to raise this issue in his motion to strike or at the corresponding hearing. "Therefore, there is no ruling by the trial court with regard to this issue. Issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken, because one may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court." (Punctuation omitted.) *Colley v. State*, 225 Ga. App. 198, 201 (3) (483 SE2d 355) (1997).

4. In his fourth enumeration of error, Darby contends that the terms of his probation were illegal and void because he was placed on reporting probation for a period exceeding two years in contravention of OCGA § 17-10-1 (a) (2). However, as Darby knowingly and voluntarily entered into the negotiated plea agreement and accepted this condition of his probation in open court, he has waived the right to challenge this issue on appeal. *Allen v. State*, 258 Ga. 424, 425 (3) (369 SE2d 909) (1988). Moreover, even if Darby had not waived this issue, OCGA § 17-10-1 (a) (2) provides that "in those cases involving the collection of fines, restitution, or other funds, the period of supervision shall remain in effect for so long as any such obligation is outstanding, or until termination of the sentence, whichever first occurs." Accordingly, Darby's contention that the continuation of his probation supervision was improper must be rejected.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 18, 1997 ▮▮▮▮▮▮▮▮

*Wallace C. Clayton, Amelia G. Pray*, for appellant.
*Thomas J. Charron, District Attorney, Maria B. Golick, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.