## A99A2083. BENSON v. CARTER et al.
### (526 SE2d 922)

Phipps, Judge.

In 1996, Deborah Benson, who had been employed as a teacher in the Henry County School System, brought this action for wrongful discharge against the members of the Henry County Board of Education (Carter and others), the Henry County School District, and the superintendent of the Henry County School System. The defendants moved for summary judgment on the ground that the action is barred by an agreement reached in settlement of another threatened suit for wrongful discharge. Benson challenges the validity of the agreement on the ground of fraud. Finding that Benson has failed to present triable issues on this claim, the court granted summary judgment to the defendants on the complaint and on the defendants' counterclaim for attorney fees and litigation expenses under the settlement agreement.

Benson was originally employed as a teacher in the McDonough Primary School in June 1989, but she was not offered a teaching position for the 1990-1991 school year because none was available. Benson claims, however, that she was assured by then-superintendent Holt that under the circumstances she would be eligible for re-employment as a teacher when a position became available. When Holt refused to recommend Benson for a teaching position offered by the principal of the McDonough Primary School for the 1992-1993 school year, Benson threatened to bring suit for wrongful discharge. In May 1993, she entered into a settlement agreement with the school board, the school district, and past, present, and future superintendents.

The agreement obligated the defendants to employ Benson for the balance of the 1992-1993 school year in a position for which she was certified on the condition that such a position became available. The defendants unconditionally agreed to employ Benson in a position for which she was certified for the 1993-1994 school year, which was referred to in the agreement as her first school year contract. Benson in turn agreed that if she were "nonrenewed" prior to accepting a school year contract with the Henry County School District for the fourth consecutive year, she would not make any claims against the defendants for wrongful termination or institute any litigation. Benson additionally agreed that the defendants would not

have to give reason or show cause for such nonrenewal. Finally, Benson agreed that if she should ever challenge or test the validity of the agreement, she would pay the defendants' attorney fees and litigation expenses.

Benson was employed as a teacher in the county school system for the school years 1993-1994 and 1994-1995. But her position was not renewed for the school year 1995-1996. As a result, she brought this suit claiming that the defendants wrongfully discharged her from employment after fraudulently inducing her to enter into the settlement agreement. It is Benson's position that she was fraudulently induced to enter into the settlement agreement by false representations that she would be treated fairly and would not be prejudiced by the fact that she had threatened a lawsuit. Benson claims that her position was not renewed for the 1995-1996 school year even though her job performance was satisfactory. *Held*:

Under OCGA § 20-2-942, a teacher obtains tenured status when he or she accepts a school year contract for the fourth consecutive year from the same local board of education. The board must continue to renew a tenured teacher's contract unless the teacher is terminated for cause or other reason specified in OCGA § 20-2-940. Benson seeks to prohibit the board from refusing to renew her contract without cause prior to her accepting a school year contract for the fourth consecutive year, thereby granting her the tenured status the settlement agreement expressly withholds.

By its express terms, the settlement agreement permits the defendants to terminate Benson without cause prior to her obtaining tenured status under Georgia law. Benson thus claims that the defendants committed fraud by agreeing to refrain from doing that which the agreement expressly permits. She seeks relief by bringing an action which the agreement expressly prohibits. Under the circumstances, she has no claim against the defendants for fraud. Making and violating a contemporaneous parol agreement inconsistent with a written agreement is not such fraud as would permit a varying of the written instrument, where no sufficient reason appears why the agreement was not incorporated in the writing.[1] Moreover, fraud cannot be based on a promise to perform a future act absent a present intent not to perform.[2] Where, as here, the defendants' actions do not constitute breach of contract, there is no evidence that the defendants did not intend to honor the agreement at the time it was executed.[3] And in a related vein, it has been recognized that there can be no breach of the implied covenant of good faith where a

---

[1] *Reeves Tractor &c. Co. v. Barrow*, 30 Ga. App. 420 (1) (b) (118 SE2d 456) (1923).
[2] *Hamilton v. Advance Leasing &c.*, 208 Ga. App. 848, 850 (2) (432 SE2d 559) (1993).
[3] See *Moran v. NAV Svcs.*, 189 Ga. App. 825, 827 (3) (377 SE2d 909) (1989).

party to a contract has done what the provisions of the contract expressly give him the right to do.[4] For these reasons, the trial court did not err in finding no triable issue as to Benson's fraud claim.

Because Benson has mounted an unsuccessful challenge to the validity of the parties' settlement agreement, the defendants were also entitled to summary judgment on their request for attorney fees and litigation expenses under the agreement.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 15, 1999 — 

*Theodore G. Frankel, James P. Brown, Jr.,* for appellant.
*Jones, Cork & Miller, W. Warren Plowden, Jr., William T. Prescott, Smith, Welch & Brittain, A. J. Welch, Jr.,* for appellees.

---

[4] *Whisenant v. Fulton Fed. Sav. &c.,* 200 Ga. App. 31, 33 (1) (406 SE2d 793) (1991).