A00A2114. SUNTRUST BANK v. FLETCHER et al.
(548 SE2d 630)

POPE, Presiding Judge.

SunTrust Bank, Atlanta and the Fletcher-Fakhrzadeh partnership ("Fletcher") each own separate parcels of property near the corner of a larger tract that includes a shopping mall. Their parcels are located on each side of a third parcel located at the corner of the larger tract; the corner property is not involved in this dispute. Fletcher also owns a small piece of property that used to be part of the mall parking lot, which adjoins both its own and the SunTrust parcel. SunTrust and Fletcher both have rights to use that small parcel but dispute exactly what those rights are. SunTrust filed suit first, and the trial court ruled on cross-motions for summary judgment upholding each party's claim of right to use the disputed property in certain ways. SunTrust appeals, essentially claiming that the court's order allows Fletcher to block SunTrust's use of the property. Fletcher has not cross-appealed.

Resolution of this case requires an examination of the history of the entire large tract. The original roughly triangular-shaped property, once owned by a developer, forms almost a right angle at the corner of Powers Ferry and Terrell Mill Roads in Cobb County. But the small, roughly square parcel located at that corner did not belong to the developer.

On March 22, 1973, the developer conveyed to SunTrust's prede-

---

[12] See *Thomas v. DeKalb County*, 227 Ga. App. 186, 188 (1) (489 SE2d 58) (1997).

cessor in title, also a bank, a parcel, known as Tract A, on the Powers Ferry side of the corner property, together with the following easement: "a non-exclusive easement license, right and privilege of passage for pedestrians and vehicular ingress and egress over and across all portions of the common areas of the adjacent shopping center owned by Grantor. . . ." In the same deed, the developer retained certain rights with the following words: "The *adjacent property owner* shall have the *right to relocate* buildings, walkways and *parking areas* in any manner whatsoever *and the easement . . . shall then apply to the area so established.*" (Emphasis supplied.) The only "adjacent property owner" at the time was the developer that owned the remainder of the large parcel.[1] Pursuant to the rights acquired in the deed, the predecessor bank built a drive-through lane emptying onto the mall parking lot that has been in continuous use since 1973.

On October 31, 1973, the developer conveyed to Fletcher's predecessor in title a parcel, known as Tract B, on the Terrell Mill side of the corner property together with an almost identical easement and an almost identical restriction.[2] Again, the only "adjacent property owner" relative to Tract B was the developer. Tract A and Tract B did not adjoin each other at that time.

On December 18, 1973, the developer conveyed most of the remainder of the original property, the shopping mall, to an insurance company. That parcel is known as Tract C, and it includes all portions of the original property that were adjacent to either Tract A or Tract B. The deed expressly noted that it was subject to the two deeds and, therefore, the two easements.

On January 31, 1975, the insurance company conveyed a small part of the shopping mall parking lot located behind Tract B, only 0.06 acres, to Fletcher's predecessor in title, and that conveyance has led to the dispute in this case. That parcel, known as the Disputed Tract, adjoins both Tract A and Tract B. Included in the deed was the following clause:

> The property herein conveyed shall be used for vehicular and pedestrian ingress and egress *and parking in common* with all tenants of the adjacent shopping center, their employees, licenses [sic], customers and all others and not for any other purpose unless prior written consent for any use is obtained from the Owner of the adjacent shopping

---

[1] The parties do not contend that the term "adjacent property owner" refers to the owner of the corner property.

[2] The differences between the wording of the two easements and restrictions are not in dispute.

center, its successors and assigns, which consent shall not be unreasonably withheld.

(Emphasis supplied.) And the deed stated that it was subject to all easements of record in Cobb County. After this transfer, the back of SunTrust's property adjoined both the Disputed Tract and the mall parking lot. But, part of the bank's drive-through lane empties onto the Disputed Tract.

In November 1996, Fletcher purchased Tract B and the Disputed Tract. The Disputed Tract never had marked parking on it prior to that time. After the Georgia Department of Transportation began a project to widen both Terrell Mill and Powers Ferry Roads, thereby reducing the amount of available parking on the front of Fletcher's property, Fletcher relocated some of its parking to the Disputed Tract. Eventually Fletcher parked a car in such a way so that it blocked SunTrust's egress onto the Disputed Tract. SunTrust's customers could still exit onto the mall property because the Disputed Tract covers only part of the area that the bank has available for exiting onto that property.

SunTrust's suit sought a declaration that it had an express easement over the Disputed Tract and an injunction to prevent Fletcher from interfering with SunTrust's right to use the easement. Each party moved for summary judgment.

In its final order, the trial court ruled:

[Fletcher's] Motion for Summary Judgment is GRANTED as to [Fletcher's] right to locate parking on the disputed property, subject to the right of [SunTrust] and the adjacent shopping center to utilize any of these parking spaces [Fletcher] may place on the disputed property as well as [SunTrust's] easement right to utilize the remaining portion of the disputed property for ingress and egress. Further [SunTrust's] Cross Motion for Summary Judgment is GRANTED as to [SunTrust's] claim to an easement for ingress and egress over those portions of the disputed property not used for parking in common with [Fletcher] and the adjacent shopping center.

The clear terms of the deed to the Disputed Tract provide that that tract may be used for parking in common with the adjacent shopping mall. And Fletcher owns that tract in fee simple. Thus, there is no question that Fletcher has the right to place parking on the Disputed Tract. And, because there is no cross-appeal, there is no dispute that SunTrust has an easement across the Disputed Tract. Therefore, the trial court correctly held that Fletcher had the right to

locate parking on that tract but that it must respect SunTrust's easement for ingress to and egress from its property. Fletcher may not situate parking in a way that would prevent SunTrust customers from exiting the bank onto the Disputed Tract and then onto an area marked for vehicular passage on the mall property.

The only issue remaining is whether Fletcher has succeeded to the reservation of rights, related to SunTrust's easement, retained by the developer in the original transaction. The answer to that question will determine whether Fletcher has a right to place parking on the Disputed Tract in such a way that SunTrust is required to alter the exact location of its egress onto the Disputed Tract. In interpreting an express easement, "the rules of contract construction apply. The construction of a contract is a question of law for the court. The cardinal rule of construction is to ascertain the parties' intent. Parol evidence may not be considered unless the written instrument is ambiguous." (Footnotes omitted.) *Irvin v. Laxmi, Inc.*, 266 Ga. 204, 205 (1) (467 SE2d 510) (1996).

In the March 22, 1973 deed to SunTrust's predecessor, which first established the easement, the original grantor reserved a "right to relocate buildings, walkways and parking areas in any manner whatsoever and the easement . . . shall then apply to the area so established." We find no ambiguity in this reservation of rights. It provides that the mall owner could rearrange buildings, walkways, and parking and thereby force the bank to rearrange its point of egress onto the mall lot, so long as the easement was maintained.

This type of agreement is enforceable. The Supreme Court of Georgia recently noted an exception to the general rule that a fixed easement cannot be relocated without the consent of the owners of both the servient and dominant estates. That exception provides that the owner of the servient estate has the right to relocate an easement if the instrument creating the easement so provides. *Herren v. Pettengill*, 273 Ga. 122, 123 (2) (538 SE2d 735) (2000). That is so because " 'if the language of an express grant or reservation of an easement authorizes it, the location of the easement may be changed in accordance with the agreement.' [Cits.]" *State Commr. of Transp. v. Stulman*, 136 N.J. Super. 148, 161 (345 A2d 329, 336) (1975), cited by *Davis v. Bruk*, 411 A2d 660, 665 (Me. 1980), which was relied upon by *Herren v. Pettengill*, 273 Ga. at 123, n. 5.

Furthermore, because the right reserved by the original grantor relates to the easement granted to SunTrust's predecessor in title, it is not a personal right and it runs with the land. See *Goldberg v. Varner*, 72 Ga. App. 673, 677 (34 SE2d 722) (1945). We note that doubtful cases should be construed "in favor of that construction which causes the right to be appurtenant rather than personal." *Feckoury v. Askew*, 244 Ga. 128, 129 (259 SE2d 70) (1979).

Accordingly, Fletcher now has the right to force a change in the location of the easement. It follows that the trial court's decision about the parties' respective rights to use the Disputed Tract was correct.

*Judgment affirmed. Miller and Ellington, JJ., concur. Mikell, J., disqualified.*

DECIDED MARCH 22, 2001.

*Powell, Goldstein, Frazer & Murphy, Jennifer L. Murphy, Christopher P. Galanek*, for appellant.

*Temple, Strickland, Counts & Dinges, William D. Strickland, Jason B. Schwartz*, for appellees.

*Kilpatrick Stockton, Michael W. Tyler, Burleigh L. Singleton*, amici curiae.

