## A02A0233. DORSEY v. ATLANTA BOARD OF EDUCATION et al.

(564 SE2d 509)

MIKELL, Judge.

The undisputed facts in the record show that Brian Dorsey was hired as a science teacher by the Atlanta Board of Education (the "Board") in September 1996, a week after the school year for teachers had already begun. Dorsey started work on September 4, 1996, and his employment contract, which was approved by the Board on September 9, was signed on September 12. Dorsey's contract was automatically renewed for the 1997-1998 school year. The following year, Dorsey received a letter dated April 1, 1998, from the Superintendent of Atlanta Public Schools informing him that his employment contract would not be renewed for the 1998-1999 school year.

Dorsey filed an action for declaratory judgment against the Board, its individual members, and the Interim Superintendent of Atlanta Public Schools seeking judicial determination that Dorsey had tenure status and thus was entitled to notice and a hearing prior to the nonrenewal of his contract. The parties filed cross-motions for summary judgment. The trial court concluded that because Dorsey was hired after the 1996-1997 school year had begun, he had not been employed for two consecutive school terms and therefore had not met the requirements for tenure provided in OCGA § 20-2-942. Accordingly, the court granted the defendants' motion for summary judgment and denied Dorsey's motion. Dorsey appeals the trial court's judgment. We affirm.

1. First, Dorsey argues that the trial court erred in granting the defendants' motion for summary judgment.[1] In reviewing grants of summary judgment, "this [c]ourt conducts a de novo review of the law and the evidence." (Citations omitted.) *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997). To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

---

[1] As a preliminary matter, the Board argues that by not naming the Atlanta Independent School System as a defendant, Dorsey failed to join the proper party. The Board raised this contention in its answer; however, it did not raise it in any motion and therefore never obtained a ruling from the trial court. "Issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken, because one may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court." (Citation and punctuation omitted.) *Darby v. State*, 230 Ga. App. 32, 33 (3) (495 SE2d 146) (1997). Furthermore, because we are affirming the trial court's grant of summary judgment to the defendants, the Board's argument that Dorsey failed to join a proper party is moot.

Normally, a teacher must have held contracts for four consecutive school years in order to obtain tenure. OCGA § 20-2-942 (b) (1). However, according to OCGA § 20-2-942 (b) (4), a teacher who was previously tenured in another local school system and who obtains contracts for two consecutive school years from the school board by whom the teacher is presently employed is entitled to the protection afforded to tenured teachers. In this case, it is undisputed that Dorsey was previously tenured with the Fulton County Board of Education. Therefore, the only issue was whether Dorsey held contracts for two full school years with the Atlanta Board of Education and thus achieved tenure in that position as well.

OCGA § 20-2-942 (a) (3) defines a "school year contract" as "a contract of full-time employment between a teacher and a local board of education covering a full school year." The statute expressly provides that "[a] contract of employment for a portion of a school year shall not be counted as a school year contract, nor shall contracts of employment for portions of a school year be cumulated and treated as a school year contract." Subsection (a) (2) of that statute explains that a " '[s]chool year' means a period of at least 180 school days," and the Atlanta Public School Policy defines a school year for teachers as a minimum of 190 days. It is undisputed that the Board approved Dorsey's contract on September 9, 1996, and that its effective date was September 4. Dorsey has not offered proof of precisely how many school days he worked during the 1996-1997 term; however, he would have had to have been employed by the Board from August 27, 1996, through June 17, 1997, in order to have been employed for a full 190-day school year. Clearly, he had not been hired by the Board on August 27.

Although the term specified in Dorsey's form contract was July 1, 1996, through June 30, 1997, the record shows that the Superintendent was not authorized to bind the Board for a period outside the effective date of September 4, 1996. We have previously held that a school superintendent "has no authority to obligate the . . . board of education under a contract unless he has previously obtained authorization from the board." (Citations omitted.) *Knight v. Troup County Bd. of Ed.*, 144 Ga. App. 634, 636 (2) (242 SE2d 263) (1978). See also *State Bd. of Ed. v. Elbert County Bd. of Ed.*, 112 Ga. App. 840, 846 (2) (146 SE2d 344) (1965). In this case, the minutes of the September 9, 1996 Board meeting demonstrate that the Board authorized the Superintendent to hire Dorsey effective September 4, 1996, and the "beginning date of employment" provided in Dorsey's authorization to report to work was September 4.

Furthermore, we note that according to the Atlanta Public School Policy, "[t]he fiscal year of the school system is from July 1 of a given year to June 30 of the following year," and that teachers are

paid over 12 months. According to Ruby McDaniel, a representative of the personnel department of Atlanta Public Schools, form contracts issued to teachers routinely have the term date of July 1 through June 30. Dorsey was not paid for the period of July 1, 1996, through September 3, 1996, nor did he request such payment.

Based on the foregoing, we conclude that the trial court properly determined that Dorsey was not employed by the Board for two full school years, that he did not achieve tenure status, and that he was not entitled to notice and a hearing prior to the nonrenewal of his contract. Accordingly, we affirm the grant of summary judgment to the defendants.[2]

2. Next, Dorsey contends that the trial court erred in considering parol evidence, because his employment contracts are clear and unambiguous. Specifically, Dorsey objects to the court's consideration of the affidavits of McDaniel and Tuniesa Drake and the exhibits accompanying those affidavits. Contrary to Dorsey's argument, we conclude that the court did not err in considering the evidence at issue.

The parol evidence rule applies in cases involving contract construction. OCGA § 13-2-2 (1). Essentially, "[p]arol evidence may not be considered unless the written instrument is ambiguous." (Citation and punctuation omitted.) *SunTrust Bank v. Fletcher*, 248 Ga. App. 729, 732 (548 SE2d 630) (2001). However, Dorsey has not brought an action for breach of contract; rather, his complaint alleges statutory and due process claims. Dorsey's reliance on *Lyon v. Patterson*, 138 Ga. App. 816 (227 SE2d 423) (1976), is misplaced, because unlike the case sub judice, that case involved a breach of contract claim by a teacher against a school board.

Finally, any ambiguity associated with Dorsey's contract was due to the undisputed facts that he did not sign the contract, have it approved, or report for work until after the school year had begun. The court correctly applied the statutory guidelines provided in OCGA § 20-2-942 (b) (4) to the undisputed facts associated with Dorsey's employment in order to make a determination as to whether he earned tenure status. We find no error.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

---

[2] Because we affirm the trial court's conclusion that Dorsey did not have tenure with the Atlanta Public Schools, we need not address the Board's argument that Dorsey failed to exhaust his administrative remedies before filing suit. Even if he had requested a hearing pursuant to OCGA § 20-2-1160, he would not have been entitled to one because he was not a tenured teacher. See *Dalton City Bd. of Ed. v. Smith*, 256 Ga. 394, 395-396 (1) (349 SE2d 458) (1986).

DECIDED APRIL 17, 2002.

*Johnson, Freeman & Perkins-Hooker, Ronald J. Freeman, Maureen M. McLeod*, for appellant.

*Sharron M. Pitts, Rodney G. Moore*, for appellees.