A03A0833. BAKER v. McINTOSH COUNTY SCHOOL DISTRICT.
(591 SE2d 362)

MIKELL, Judge.

In this employment contract dispute, Diane Baker sued the McIntosh County Board of Education (the "Board") for injunctive relief and damages, contending that it failed to properly serve her with a notice of nonrenewal of her contract in the 2001-2002 school year, which entitles her to a consecutive contract for the 2002-2003 school year as a matter of law. The Board filed a motion to dismiss for failure to state a claim, arguing that as a nontenured professional, Baker received the notice to which she was entitled. The trial court granted the Board's motion. In two related enumerations of error, Baker appeals the trial court's order, and we affirm.

> The standard used to evaluate the grant of a motion to dismiss when the sufficiency of the complaint is questioned is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts.[1]

So construed, the undisputed facts show that Baker signed a contract with the Board to be employed as a teacher at Todd-Grant Elementary School for the 2001-2002 school year. On or about March 1, 2002,

---

[1] *Cooper v. Unified Govt. of Athens-Clarke County*, 275 Ga. 433, 434 (2) (569 SE2d 855) (2002). Accord *DeKalb County v. State of Ga.*, 270 Ga. 776, 779 (2) (512 SE2d 284) (1999).

the school principal informed Baker that she would recommend to the school superintendent the nonrenewal of Baker's contract for the upcoming school year and gave Baker a written notification letter to that effect. Baker executed the notification letter on March 11, 2002.

Baker's complaint alleged that pursuant to OCGA § 20-2-940 (c), she was entitled to receive the nonrenewal notice by certified mail or statutory overnight delivery. In its motion to dismiss, the Board argued that OCGA § 20-2-211 (b) governs the notice requirement for the nonrenewal of employment contracts of nontenured teachers and that Baker was properly notified in accordance therewith. Although both OCGA §§ 20-2-211 (b) and 20-2-940 (c) contain notice requirements for the nonrenewal of teaching contracts, we agree with the trial court that the nonrenewal of Baker's contract is governed by OCGA § 20-2-211 (b).

OCGA § 20-2-940 sets forth the due process requirements for the termination or suspension of employment of teachers having a contract for a definite term. Specifically, it states the grounds upon which those teachers can be terminated or suspended, the procedure through which they are notified of charges against them, that they have a right to counsel, the manner in which the hearing on those charges shall proceed, and the method through which the teacher may appeal the decision of the local board. OCGA § 20-2-940 (c), upon which Baker relies, provides, in relevant part, that "[a]ll notices required by this part relating to demotion, termination, nonrenewal of contract, or reprimand shall be served by certified mail or statutory overnight delivery." Though our appellate courts have not specifically examined the applicability of OCGA § 20-2-940 (c) to the nonrenewal of nontenured teachers' contracts, we have addressed other related sections, which support our decision in this case.

In *Dorsey v. Atlanta Bd. of Ed.*,[2] we held that a nontenured teacher was not entitled to notice and a hearing prior to the nonrenewal of his contract.[3] In *Atlanta Public Schools v. Diamond*,[4] we concluded that nontenured teachers whose contracts are not renewed are not afforded the procedural protections of OCGA § 20-2-940.[5] There is no dispute here that Baker was not tenured in McIntosh County as "a teacher obtains tenured status when he or she accepts a school year contract for the fourth consecutive year from the same local board of education,"[6] and Baker had been employed with the county for one year.

---

[2] 255 Ga. App. 104 (564 SE2d 509) (2002).
[3] Id. at 106 (1).
[4] 261 Ga. App. 641 (583 SE2d 500) (2003).
[5] Id. at 642-643 (1).
[6] *Benson v. Carter*, 241 Ga. App. 499, 500 (526 SE2d 922) (1999); OCGA § 20-2-942. Accord *Dorsey*, supra at 105 (1).

Since the Board did not terminate or suspend Baker during her contract year, but simply decided not to renew her contract for the upcoming year, Baker was not entitled to the procedural protections of OCGA § 20-2-940. Instead, the nonrenewal notice to which Baker was entitled was that mandated by OCGA § 20-2-211 (b), which provides that "each local governing board shall, by not later than April 15 of the current school year, tender a new contract for the ensuing school year to each teacher . . . or shall notify in writing each such teacher . . . of the intention of not renewing his or her contract for the ensuing school year." Baker received written notice of the Board's intent not to renew her contract on March 11, 2002. Construing the facts in Baker's favor, she was not entitled to the relief she sought. Therefore, we affirm the trial court's grant of the Board's motion to dismiss.[7]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 4, 2003 —
RECONSIDERATION DENIED DECEMBER 3, 2003.

*Adams, Hemingway & Wilson, F. Bradford Wilson, Jr., John P. Fox,* for appellant.

*Jones, Osteen, Jones & Arnold, G. Brinson Williams, Jr.,* for appellee.

---

[7] In an unofficial opinion, the Attorney General concluded that "no statement of reasons for the nonrenewal of a nontenured teacher's contract is required." 1982 Op. Atty. Gen. No. U82-2. Although not binding on this court, this opinion accords with our conclusion that the procedural safeguards of OCGA § 20-2-940 do not apply to the nonrenewal of nontenured teachers' contracts.